Bruce P. Keller (BK-9300)                    ELECTRONICALLY FILED
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant and Third-Party/Counterclaim-Plaintiff*
*Infinity Broadcasting Corporation of Washington, D.C. n/k/a*
*CBS Radio Inc. of Washington, D.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMUEL L. JONES JR.,                                 :

        Plaintiff,                                 :    No. 07 Civ. 5693 (BSJ) (AJP)

    -against-                                      :

INFINITY BROADCASTING CORPORATION OF    :    **DECLARATION OF**
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF        **MARISSA M. GRIMES**
WASHINGTON, D.C.,                               :

        Defendant.                                 :

                           :
------------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF    :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                               :

    Counterclaimant and Third-Party Plaintiff,    :

    -against-                                      :

SAMUEL L. JONES JR.,                                 :

    Counterclaim Defendant, and                   :

RADIO ONE, INC.,                                     :

    Third-Party Defendant.                       x

Marissa M. Grimes declares:

1.      I am a member of the bar of the State of New York, a member of the bar of this Court and am associated with Debevoise & Plimpton LLP, counsel to defendant Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio") in this matter.  I make this Declaration on personal knowledge in support of CBS Radio's application for a temporary restraining order and preliminary injunction.

2.      The purpose of this declaration is to put before the Court certain documents that are relevant to CBS Radio's application.  Exhibits 1 through 5 hereto were provided to me from the business records of CBS Radio.  Exhibits 6, 7 and 8 hereto were prepared under my direction from public sources.

3.      Attached as Exhibit 1 is a true and correct copy of a License Agreement, dated May 26, 2005, signed by Samuel L. Jones Jr. and by Sam Rogers, Vice President and General Manager of Infinity Broadcasting Corporation d/b/a WPGC-FM ("WPGC").

4.      Attached as Exhibit 2 is a true and correct copy of a letter agreement, dated May 26, 2005, signed by Jones and countersigned by Rogers, under which Jones agreed to provide certain services to WPGC ("Services Agreement").

5.      Attached as Exhibit 3 is a true and correct copy of a letter, dated April 27, 2006, sent from Jay Stevens, Vice President, Programming, of Infinity Broadcasting Corporation d/b/a WPGC-FM, to Jones, giving notice of renewal of the Services Agreement.

2

6.      Attached as Exhibit 4 is a true and correct copy of an Opposition, dated October 13, 2004, filed by Infinity Broadcasting Corporation with the United States Patent and Trademark Office with respect to a trademark application by Jones.

7.      Attached as Exhibit 5 is a true and correct copy of a Default Judgment, dated June 28, 2005, entered by the Trademark Trial and Appeal Board against Jones.

8.      Attached as Exhibit 6 is a true and correct copy of an image taken on July 19, 2007 from a website maintained by third-party defendant Radio One, Inc. ("Radio One") at http://www.majic1023.com/home.asp, currently demonstrating that Jones and Radio One are using the HUGGY LOWDOWN trademark in connection with the Tom Joyner Morning Show on Radio One's WMMJ-FM radio station.

9.      Attached as Exhibit 7 is a compact disc containing a true and correct audio recording, taken on July 18, 2007 from Radio One's WMMJ-FM website, found on the Internet at http://www.majic1023.com/home.asp, of an advertisement for appearances by Jones under the name "HUGGY LOWDOWN" on WMMJ-FM.

10.     Attached as Exhibit 8 is a compact disc containing a true and correct audio recording, taken on July 18, 2007 from the WMMJ-FM website, of Jones appearing on Radio One's WMMJ-FM under the name "HUGGY LOWDOWN."

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York this 20th day of July 2007.

_____/s/ Marissa M. Grimes_____
Marissa M. Grimes

3

# EXHIBIT 1

## LICENSE AGREEMENT

This agreement entered into this _26th_ day of May 2005 by and between Samuel L. Jones, Jr. 743 Fairmont Street, N.W. #206 Washington, DC ("Licensor"), and Infinity Broadcasting Corporation of Washington, DC d/b/a WPGC-FM, 1515 Broadway, New York, NY 10035, ("Licensee").

Whereas, Licensor has applied for a United States federal registration for the trademark HUGGY LOWDOWN (the "Trademark") under the serial number 78298776 for entertainment services, namely comedy performances, broadcast over satellite radio and broadcast radio; stand up comedy in front of a live audience (the "Application") and wishes to formalize an agreement to license the use of the Trademark to the Licensee;

Whereas, Licensee has used the Trademark on its broadcast radio station, WPGC-FM ("WPGC-FM"), with the license of Licensor and desires to continue to use the Trademark on its broadcast radio programs.

NOW THEREFORE, in consideration of the mutual promises contained herein and for other goods and consideration, the receipt of which is hereby acknowledge by the parties, the parties hereby agree as follows:

1. Grant. Licensor hereby grants to Licensee upon the terms and conditions of this agreement an exclusive royalty-free license to use the Trademark, on and in connection with radio programs (including internet transmission of the WPCG-FM signal) on WPGC-FM as defined in paragraph 2 below and on any other broadcast radio station where the Licensee supplies its WPGC-FM radio station programming (a "WPGC Affiliate) in the Washington D.C. Total Survey Area as defined by Arbitron and in the Arbitron Total Survey Area covering any WPGC Affiliate.

2. Permitted Uses. Licensor agrees that Licensor will not use the Trademark on any other broadcast radio station in the Washington, DC Total Survey Area at any time that the "Donnie Simpson Show" is broadcast on WPGC-FM. Licensor agrees not to use Trademark in any manner that will conflict with Licensee's exclusive rights of use as defined in paragraph 1.

3. Term. The term of the license granted herein shall commence on the date set forth above and shall terminate one (1) year following the date of termination of licensor's personal services contract with WPGC-FM, unless sooner terminated in accordance with Paragraph 9 of this Agreement.

4. Quality Standards and Assurances. Licensee will endeavor to ensure that the business operations on and in connection with which the Trademark is used shall conform to the requirements of any written agreement between Licensee and Licensor specified to be for this purpose. Licensor hereby approves such standards of quality as have been achieved by Licensee in connection with its activities in the twelve (12) months preceding the execution of this Agreement.

Licensor may take reasonable steps to assure that the provisions of this Agreement are being observed.

5. Approvals. Licensee agrees to maintain the quality of Licensee's use of the Trademark that meets or exceeds industry standards.

6. Ownership. Licensor warrants and represents that it owns the Trademark free and clear of all claims, liens and encumbrances; it holds all such rights and interests in its Trademark as are required to permit Licensor and Licensee to enter into this Agreement; and the Trademark does not infringe or violate any other person or entity's copyright, trademarks or proprietary rights of any kind. Licensee agrees that it will claim no interest in the Trademark, other than its right to use the Trademark pursuant to this Agreement. Licensee furthers agrees not to contest Licensor's rights in and to the Trademark. Licensee will at any time execute any documents, and take such other actions as Licensor may reasonably request, to confirm Licensor's ownership of all such rights.

7. Trademark Registrations. Licensee agrees that Licensor will, in its sole discretion, clear, file, maintain and defend any and all trademark applications and resulting registrations for the Trademark at Licensor's expense for the Term of this Agreement.

8. Representations and Warranties. In connection with the rights granted to Licensee hereunder, Licensor represents and warrants that the use of the Trademark as set forth in this Agreement shall not infringe the rights of any third party.

9. Events of Termination. If Licensee violates or fails to perform any of its obligations, Licensor will have the right to give Licensee written notice of default, and this Agreement will terminate ninety (90) days after such notice unless Licensee has completely remedied the default within the ninety (90) day period to Licensor's satisfaction.

10. Effects of Termination. All rights in the Trademark other than those specifically granted in this Agreement are reserved by Licensor for its own use and benefit. Upon termination of this Agreement for any reason whatsoever, all rights in the Trademark will immediately and automatically revert to Licensor.

11. Notices. All notices, approvals, or documents which either party hereto is required to deliver to the other party shall be in writing and sent by certified mail, return receipt requested, or registered mail, by facsimile or by internationally recognized express overnight courier to the following address:

Licensor: Samuel L. Jones, Jr. 743 Fairmont Street, N.W. #206 Washington, DC

Licensee: Infinity Broadcasting Corporation, 1515 Broadway, New York, NY 10035, Attention: General Counsel with a copy to WPGC-FM 4200 Parliament Place, Suite 300 Lanham, MD 20706

12. Miscellaneous.

(a)  Each party warrant and represents to the other party that it has the full right, power and authority to execute and perform the obligations of this Agreement.

(b)  This Agreement may not be changed, modified, amended, or supplemented except in a writing signed by both parties.

(c)  This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior contemporaneous agreements, oral or in writing.

(d)  Licensee may sublicense, assign or transfer its rights under this agreement by any means including to a successor to Licensee by merger, consolidation or sale of all or substantially all assets or to an entity owned or controlled by Licensee, without Licensor's prior written consent.

(e)  This Agreement does not constitute or imply a partnership, joint venture, agency, employer/employee relationship, or any other similar relationship between the parties hereto.

(f)  The paragraph headings used in this Agreement are for convenience only and shall have no legal effect.

(g)  The failure of a party to insist upon strict adherence to any terms of this Agreement on any occasion will not be construed as a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term to this Agreement.

(h)  This Agreement will be governed by and construed in accordance with the internal substantive laws of the State of New York, and the parties hereto submit and consent to the jurisdiction of the courts of the State of New York, including Federal Courts located therein.

IN WITNESS WHEREFORE, the parties have executed this Agreement on the day and year first written above.

Samuel L. Jones, Jr.

Infinity Broadcasting
Corporation d/b/a WPGC-FM

By:
Name: SAM ROGERS
Title: VP/GM WPGC

**EXHIBIT 2**

Mr. Samuel Jones, Jr. a/k/a Huggy Lowdown
743 Fairmont Street, N.W. #206
Washington, DC

Dear Huggy:

This letter serves to confirm the terms on our agreement (the "*Agreement*") whereby you ("*Contractor*") will provide services to Infinity Broadcasting Corporation ("*Infinity*"), on behalf of radio station WPGC-FM("*Station*").

1. **Services.** Contractor will provide services to Station as follows: call-ins of *Appx. 5min.* length to The Donnie Simpson Morning show on Station at least five *5* times per week between the hours of *6* AM and *10* AM.

2. **Term.** The term of this Agreement shall commence on the date of signing of this agreement and shall continue in effect for one year (1). Station has the option to extend the terms of this Agreement for one (1) additional year provided Station informs Contractor in writing at least 30 days prior the one (1) year expiration date of this Agreement.

3. **Payment for Services**. In consideration for the services to be rendered by Contractor hereunder, STATION agrees to pay Contractor as set follows: $23,000 per annum payable on a semi month basis in 22 payments of $958 and 2 payments of $962.

4. **Exclusivity of Services**.  Contractor agrees that during the Term of this Agreement, Contractor will not appear by voice, picture or likeness on any other radio station within the Washington, DC market as defined by Arbitron, other than radio stations owned by Infinity Broadcasting Corporation, without the express written consent of Station which shall not be unreasonably withheld.

5.    **Termination.**  STATION may terminate this Agreement for cause, with or without notice, at any time.  If this Agreement is terminated for cause, Contractor shall be entitled to compensation which has accrued up to the date of termination, but Contractor shall not be entitled to any other payment whatsoever.  "Cause" shall be defined as (1) willful or substantial neglect of duties; (2) any material breach of this Agreement; (3) dishonesty; (4) theft; (5) use or possession of illegal drugs during working hours; (6) use of alcohol during working hours; (except moderate consumption of alcohol during business entertainment in the discharge of duties); (7) unethical business conduct; (8) any permanent physical or vocal impairment which precludes Contractor's ability to perform Contractor's obligations under this Agreement; (9) any violation of FCC rules and regulations including rules relating to payola and/or plugola.  Contractor may terminate this Agreement if STATION (1) fails to pay any sums due to Contractor pursuant to this Agreement when due or (2) if STATION otherwise materially breaches this Agreement and if Station's failure to pay or other breach remains uncured for a period of five (5) business days after written notice thereof from Contractor to STATION.

6.    **Contractor's Warranties**

(a)    Contractor represents and warrants that Contractor is under no obligation whatsoever which will or might prevent Contractor from fully performing his obligations under this Agreement.

(b)    Contractor will disclose in writing to STATION any proprietary or other financial interest Contractor has or acquires in any organization with which STATION or any of its affiliated entities does business or with which they compete; provided, however, Contractor will not be required to disclose any investment of one percent (1%) or less in stock or other securities of a corporation listed on a national securities exchange or regularly traded in the over-the counter markets.

(c)    The warranties and indemnities set forth herein are in addition to, and not limitation of, those contained elsewhere in this Agreement.

7.    **Indemnities**.  Contractor shall indemnify and hold STATION, its parent corporation and affiliated entities, their shareholders, officers, directors, agents, employees, successors and assigns from and against any and all liability, action, claims, demands, losses, expenses (including attorneys' fees) or damages caused by or arising out of (1) Contractor's breach of any provision of this Agreement; and (2) Contractor's failure to pay any money or taxes owed under any applicable federal, state or local laws related to compensation received under this Agreement. STATION will indemnify and hold Contractor harmless from breach of any provision of this Agreement by STATION.  The expiration or termination of the Agreement shall not affect the continuing indemnification obligations of STATION or Contractor hereunder.

8.    **Assignment**.  STATION shall have the right to assign this Agreement, in whole or in part, to any person or entity who succeeds to ownership of STATION. Contractor agrees and acknowledges that Contractor may not assign this Agreement or any rights hereunder under any circumstances.

9.    **Independent Contractor**.  Contractor is engaged by STATION only for the purposes and to the extent set forth in this Agreement and the relationship to STATION shall at all times be that of an independent contractor.  Nothing in this Agreement shall be construed to create an employer/employee or joint venture relationship between or among any of the parties hereto, and Contractor agrees that he shall not be entitled to any benefits under any STATION or Infinity Broadcasting Corporation employee benefit plan. Contractor acknowledges that he is fully liable for and agrees to pay any and all income and employment taxes.  Contractor agrees to keep all STATION information confidential.

10.    **Other**.  This Agreement contains the entire understanding between the parties and shall be construed according to the laws of the State of [state].  Any notices under this Agreement shall be in writing and delivered to the respective addresses indicated in this letter.  Contractor will not, without Station's prior written approval, incur any expenses whatsoever on Station's behalf, or obligate STATION for any personal expenditure by Contractor or use Station's name for any purpose except as specifically provided herein.

Page 4

If the terms and conditions set out above are consistent with your understanding, please so indicate below.

Very truly yours,

Infinity Broadcasting Corporation d/b/a WPGC-FM

By: _____

Sam Rogers
Vice President/General Manager

ACCEPTED AND AGREED:

_____
Samuel Jones

Date: 5-26-05

**EXHIBIT 3**



Infinity Broadcasting Corporation
4200 Parliament Place, Suite 300
Lanham, MD 20706-1881
(301) 918-0955    Sales Fax (301) 459-9509
Programming Fax (301) 459-9557



April 27, 2006

Samuel Jones Jr.
743 Fairmont Street, N.W. #206
Washington, DC

Dear Samuel:

Please be advised that pursuant to your agreement with Infinity Broadcasting Corporation of Maryland, dated May 26, 2006 notice is hereby given that WPGC desires to continue to utilize your services after the expiration of your present agreement. This serves as notice we are exercising the option extending the terms of your agreement for another year.

Sincerely,

Jay Stevens,
Vice President, Programming

**EXHIBIT 4**

 **United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



## TTABVUE. Trademark Trial and Appeal Board Inquiry System

# Opposition

**Number:** 91162493                          **Filing Date:** 10/13/2004
**Status:** Pending                            **Status Date:** 10/14/2004
**Interlocutory Attorney:** DAVID M MERMELSTEIN

### Defendant

**Name:** Jones, Samuel, L, Jr.
**Correspondence:** Jones,Samuel,L,Jr.
743 Fairmont st.NW #206
Washington, DC 20001
**Serial #:** 78298776
**Application Status:** Opposition Pending
**Mark:** HUGGY LOWDOWN

### Plaintiff

**Name:** INFINITY BROADCASTING CORPORATION
**Correspondence:** Rebecca Borden
Viacom International, Inc.
1515 Broadway 51st Floor
New York, NY 10036
rebecca.borden@viacom.com, kaz.tanakh@viacom.com, jose.gracia@viacom.com
**Mark:** NO MARK CITED

### Prosecution History

| # | Date | History Text | Due Date |
|---|------|-------------|----------|
| 7 | 04/26/2005 | NOTICE OF DEFAULT | |
| 6 | 02/23/2005 | NOTICE OF DEFAULT SET ASIDE DF ALLOWED 30 DAYS TO ANSWER | |
| 5 | 01/27/2005 | DF SHOW CAUSE RESPONSE TO DEFAULT | |
| 4 | 01/07/2005 | NOTICE OF DEFAULT | |
| 3 | 10/14/2004 | PENDING, INSTITUTED | |
| 2 | 10/14/2004 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | 11/23/2004 |
| 1 | 10/13/2004 | FILED AND FEE | |

Results as of 05/09/2005 10:17 AM                          **Search:**

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Application Serial No. 78298776
Published in the *Official Gazette* on June 15, 2004

-----------------------------------------------------------X

INFINITY BROADCASTING CORPORATION    :        Opposition No. _____

　　　　　　　　　　Opposer,    :

　　-against-    :        <u>NOTICE OF OPPOSITION</u>

SAMUEL L. JONES, JR:

　　　　　　　　　　Applicant.    :
-----------------------------------------------------------X

　　　　1.　　　Infinity Broadcasting Corporation, ("Opposer"), a Delaware corporation, having

its principal offices at 1515 Broadway, New York, NY 10036, USA, believes it will be damaged

by registration of the trademark HUGGY LOWDOWN sought to be registered on the Principal

Register by Samuel L. Jones, Jr ("Applicant") in Application Serial No. 78298776, published in

the Official Gazette on June 15, 2004, for "entertainment services, namely, comedy

performances broadcast over satellite radio; stand up comedy in front of a live audience" in

International Class 41 (the "Application"), and hereby opposes registration on the following

grounds:

　　　　2.　　　Opposer owns and has used the famous HUGGY LOWDOWN trademark in USA

and elsewhere for radio broadcasting services and radio programming.

　　　　3.　　　The Opposer operates a national radio broadcasting business and hires radio

personalities, including the Applicant, to appear on its radio broadcasts. Opposer has used for

458512v1　　　　　　　　　　　　　　　　1　　　　　　　　　　　　　　10/13/2004

many years and continues to use its trademark HUGGY LOWDOWN on its radio broadcasting and programming services to identify its hired radio personality. The Opposer has used HUGGY LOWDOWN since a date prior to the date the Applicant claims it made its first use of the mark and any use by the Applicant of the mark HUGGY LOWDOWN was made only with the permission and license of the Opposer.

4.    Opposer's radio broadcasting services and programming are distinguished from those of its competitors by its distinctive trademark, HUGGY LOWDOWN.

5.  As a consequence of the extensive and continuous use of the HUGGY LOWDOWN mark by Opposer prior to the filing date of the Application and any alleged use by Applicant of the HUGGY LOWDOWN trademark, Opposer's HUGGY LOWDOWN mark has achieved wide public recognition.

6.    Since prior to the filing of the Application and any alleged use by Applicant of the HUGGY LOWDOWN trademark, the HUGGY LOWDOWN trademark has been extensively and continuously promoted by the Opposer.

7.    Opposer has devoted substantial resources to developing recognition of the HUGGY LOWDOWN trademark and the goodwill associated therewith. The outstanding reputation and goodwill associated with the HUGGY LOWDOWN trademarks are of significant value to Opposer.

8.    Applicant filed the Application in the U.S. Patent and Trademark Office on or about September 10, 2003. The Application is based on Applicant's stated use in commerce of the trademark HUGGY LOWDOWN on or in connection with "entertainment services namely, comedy performances broadcast over satellite radio; stand up comedy in front of a live audience" since September 1999.

458512v1                                    2                              10/13/2004

9.    Applicant's proposed trademark HUGGY LOWDOWN for the stated services is confusingly similar to the Infinity trademark HUGGY LOWDOWN for radio broadcasting services and programming.

10.    Through the continuous use of the HUGGY LOWDOWN trademarks by Opposer prior to the Application for the Applicant's proposed trademark "HUGGY LOWDOWN," and the widespread public identification of the HUGGY LOWDOWN trademark with Opposer, the Opposer's HUGGY LOWDOWN trademark became famous. Registration and use of the Applicant's proposed trademark "HUGGY LOWDOWN" will lessen the capacity of Opposer's mark to identify and distinguish the Opposer's services.

11.    Given the extensive and continuous use of the HUGGY LOWDOWN trademark by Opposer and the widespread public identification of the HUGGY LOWDOWN trademarks with Opposer, Opposer would be seriously injured by the granting of a certificate of registration to Applicant for the trademark HUGGY LOWDOWN in International Class 41 because such registration would:

(a)    support and assist Applicant in the confusing and misleading use of Applicant's HUGGY LOWDOWN trademark sought to be registered in violation of Sections 2(d) and 13(a) of the Lanham Act, 15 U.S.C. §§ 1052(d), 1063(a);

(b)    damage, interfere with and cause dilution of Opposer's valuable goodwill in its HUGGY LOWDOWN trademark in violation of Sections 2(f), 13(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1052(f), 1063(a) and 1125(c);

(c)    give color of exclusive statutory rights to Applicant in violation and derogation of Opposer's prior and superior rights; and

(d)    tend to falsely and erroneously suggest a connection with Opposer.

WHEREFORE, Opposer believes that it will be seriously damaged by registration of Applicant's HUGGY LOWDOWN trademark and, therefore, Opposer, by its undersigned attorneys, respectfully requests that its opposition be sustained and that registration of the trademark at issue in the Application be refused.


Please charge the filing fee to Deposit Account No. 502272.


Dated: New York, New York
        October 13, 2004

                                    Respectfully submitted,

                                    INFINITY BROADCASTING CORPORATION


                                    Rebecca Borden
                                    Counsel for Opposer
                                    c/o Viacom International Inc.
                                    1515 Broadway, 51st Floor
                                    New York, New York 10036
                                    Phone : (212) 846-6335
                                    Fax: (212) 258 – 6193
                                    Email: rebecca.borden@viacom.com

**EXHIBIT 5**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Smt/dab

Mailed:  June 28, 2005

Opposition No. 91162493

INFINITY BROADCASTING
CORPORATION

v.

Jones, Samuel, L, Jr.


On April 26, 2005, the Board sent a notice of default to applicant because no answer had been filed.

The record shows no response thereto.

Accordingly, judgment by default is hereby entered against applicant, the opposition is sustained, and registration to applicant is refused.  See Fed. R. Civ. P. 55, and Trademark Rule 2.106(a).


*By the Trademark Trial*
*and Appeal Board*

**EXHIBIT 6**



**EXHIBIT 7**

# Debevoise & Plimpton LLP

Jones v. Infinity Broadcasting Corp.
07 CV 5693 (BSJ)(AJP)

Grimes Declaration in Support of TRO/PI
Exhibit 7

**EXHIBIT 8**

# Debevoise & Plimpton LLP

Jones v. Infinity Broadcasting Corp.
07 CV 5693 (BSJ)(AJP)

Grimes Declaration in Support of TRO/PI
Exhibit 8