## LEBENSFELD BORKER SUSSMAN & SHARON LLP

ATTORNEYS AT LAW
TWO PENN PLAZA
SUITE 1980
NEW YORK, NEW YORK 10121
(212) 594-2030

FAX NOS. (212) 594-6875
(212) 594-6346
E-MAIL LBS@lbands.com

STEPHEN SUSSMAN
Steve.Sussman@lbands.com

NEW JERSEY OFFICE
140 BROAD STREET
RED BANK, NJ 07701
(732) 530-4600

FAX NOS. (732) 530-4601
(732) 530-4334

July 25, 2007

**BY FACSIMILE: (212) 805-6191**

Chambers of Hon. Barbara S. Jones
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street - Room 620
New York, New York 10007-1312

Re: **Samuel L. Jones Jr. v. Infinity Broadcasting Corporation of Washington, D. C. n/k/a CBS Radio Inc. of Washington, D.C.**
**07 CIV. 5693 (BSJ/AJP)**

Dear Judge Jones:

      We represent Samuel L. Jones Jr., plaintiff in the above-captioned action. In accordance with Your Honor's directive, set forth in your Order dated July 25, 2007, we transmit herewith proposed language for an Amended Preliminary Injunction. Our proposed language is guided by three principles of law.

      First, Fed. R. Civ. P. 65(d) provides, in relevant part, that an "order granting an injunction . . . shall describe in reasonable detail . . . the act or acts sought to be restrained." Second, the restraints should not be broader than those for which the parties bargained.* Third, "[i]n cases of ambiguity, a contract is construed most strongly against the party who prepared it, and favorably to a party who has no voice in the

---

\* Cf. Earchweb, Inc. v. Schlack, 71 F. Supp.2d 299, 311 (S.D.N.Y. 1999) remanded, 205 F.3d 1322 (2d Cir. 2000), aff'd, 2000 WL 1093320 (2d Cir. 2000) (court declined "to re-write the parties' employment agreement . . . to broaden the sweep of the restrictive covenant").

**LEBENSFELD BORKER SUSSMAN & SHARON LLP**
ATTORNEYS-AT-LAW

Hon. Barbara S. Jones
United States District Court
Southern District of New York
July 25, 2007
page 2

selection of language." <u>Jacobson v. Sassower</u>, 66 N.Y.2d 991, 993, 489 N.E. 2d 1283, 1284 (NY, 1985).

      Here, the record is unequivocal. The restraints derive from the License Agreement, which was drafted solely by CBS Radio without input from Jones. Paragraphs 1 and 2 of the License Agreement read in full as follows:

1. Grant. *Licensor hereby grants to Licensee upon the terms and conditions of this agreement an exclusive royalty-free license to use the Trademark, on and in connection with radio programs* (including internet transmissions of the WPCG-FM signal) *on WPGC-FM as defined in paragraph 2 below* and on any other broadcast radio station where the Licensee supplies its WPGC-FM radio station programming (a "WPGC Affiliate) *in the Washington D.C. Total Survey Area as defined by Arbitron* and in the Arbitron Total Survey Area covering any WPGC Affiliate.

2. Permitted Uses. *Licensor agrees that Licensor will not use the Trademark on any other broadcast radio station in the Washington, DC Total Survey Area at any time that the "Donnie Simpson Show" is broadcast on WPGC-FM.* Licensor agrees not to use Trademark in any manner that will conflict with Licensee's exclusive rights of use as defined in paragraph 1.

Italics added.

      Attached hereto is a proposed modification to Your Honor's Order of Preliminary Injunction that applies the foregoing principles.

      Thank you for your consideration.

      Respectfully,

      Stephen Sussman

SS:bh
cc:    Bruce B. Keller, Esq. (by fax)

**PLAINTIFF'S PROPOSED
MODIFICATION TO DECRETAL
PARAGRAPHS OF ORDER
OF PRELIMINARY INJUNCTION**

It is hereby ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 65(b), Jones and Radio One, and all those acting in concert or participation with them, are preliminary enjoined, until May 26, 2008, from using the HUGGY LOWDOWN mark on any radio broadcast transmitted within the Washington, D.C. Total Survey Area, as defined by the Arbitron ratings service, during such time (currently 6:00 a.m. - 10:00 a.m., Eastern Time) that the "Donnie Simpson Show" is broadcast on WPGC-FM.

2. Nothing in the foregoing decretal paragraph is intended to enjoin Jones and Radio One, and those acting in concert or participation with them, from (i) using the HUGGY LOWDOWN mark in broadcasts that are not transmitted to the Washington, D.C. Total Survey Area, (ii) the use of such mark in connection with live performances by Jones in clubs and other venues, including within the Washington, D.C. Total Survey Area, and (iii) the promotion of the HUGGY LOWDOWN mark in connection with live performances by Jones.

July 25, 2007