# LEBENSFELD BORKER SUSSMAN & SHARON LLP

ATTORNEYS AT LAW
TWO PENN PLAZA
SUITE 1980
NEW YORK, NEW YORK 10121
(212) 594-2030

FAX NOS. (212) 594-6875
(212) 594-6346
E-MAIL LBS@lbands.com

STEPHEN SUSSMAN
Steve.Sussman@lbands.com

NEW JERSEY OFFICE
140 BROAD STREET
RED BANK, NJ 07701
(732) 530-4600

FAX NOS. (732) 530-4601
(732) 530-4334

July 26, 2007

**BY FACSIMILE: (212) 805-6191**

Hon. Barbara S. Jones
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street - Room 620
New York, New York 10007-1312

Re:  **Samuel L. Jones Jr. v. Infinity Broadcasting Corporation of Washington, D. C. n/k/a CBS Radio Inc. of Washington, D.C.**
**07 CIV. 5693 (BSJ/AJP)**

Dear Judge Jones:

When we received (at 4:30 p.m. yesterday) the suggested modification by CBS Radio to Your Honor's proposed revision to the Order of Preliminary Injunction -- one that would add the amorphous concept of "indirect" to a decretal provision that, most respectfully, did not comport with the specificity required by Fed. R. Civ. P. 65(d) --, we, like CBS Radio, felt "compelled to respond." Unlike CBS Radio, however, we did not read Your Honor's Order of yesterday morning as **implicitly** authorizing the commencement of an epistolary dialogue. We, therefore, urge Your Honor to reject CBS Radio's unauthorized (post 5 p.m.) submissions. Nonetheless, **if** Your Honor elects to accept such unauthorized submissions, we assume you will allow us, on behalf of Mr. Jones, to submit this rejoinder.

Rather than address the three bases for Mr. Jones' proposed clarification, CBS Radio (1) ignores the specificity required by Fed. R. Civ. P. 65(d), (2) suggests (in the second and third paragraphs on page 2 of the Keller letter, that Mr. Jones be considered the draftsman or co-draftsman of the License Agreement [!], and (3) attempts to justify its implicit admission that the restraints go beyond those set forth in the parties' License Agreement by asserting that such additional prohibitions are necessary "to preclude that type of gamesmanship." Keller letter, page 2, third paragraph.

**LEBENSFELD BORKER SUSSMAN & SHARON LLP**
ATTORNEYS-AT-LAW

Hon. Barbara S. Jones
United States District Court
Southern District of New York
July 26, 2007
page 2

      Contrary to CBS Radio's contention, our letter to Your Honor was in response to Your Honor's directive in your Order dated July 25, 2007, nothing more. To characterize our response as a "motion for reconsideration" is, to use CBS Radio's term (Keller letter, page 2), nothing more than an attempt by CBS Radio to use "gamesmanship" to obtain substantially more relief than is justified by the record before the Court. The License Agreement was in evidence, and the Court heard testimony concerning the draftsman of such document. The suggested clarifications by Mr. Jones are amply supported by the record and by Fed. R. Civ. P. 65(d).

      Reference to the Complaint, Amended Complaint and plaintiff's opposition papers (Keller letter, page 1, second paragraph) is a strawman. All of these documents were written **prior** to the receipt of CBS Radio's moving papers, and only CBS Radio was given the opportunity to submit reply papers. Although the language in Your Honor's original Order was dictated into the record at about 5:50 p.m. on July 23 -- and certain of the language was, in fact, repeated --, the presentation of full objections to the scope thereof promptly after review of the written Order nullifies any valid assertion that Mr. Jones waived his right to seek clarification and/or modification of the Order. That is especially so where such clarification and modification is based solely upon facts in the record, the Federal Rules of Civil Procedure and settled rules of law.

      Your Honor ruled that the post-termination extension of the License Agreement was in effect. Whether that ruling is hereafter modified or affirmed by the Court (or upon appellate review) is not at issue at this time. What is at issue is whether the preliminary restraints directed by Your Honor (1) should be set forth with the specificity required by Fed. R. Civ. P. 65(d), and (2) clarified to comport with the restraints set forth in the License Agreement drafted by CBS Radio.

      We should also note that the repeated and erroneous characterization by CBS Radio to our prior (timely) submission as being made on behalf of Mr. Jones "<u>and Radio One</u>" (Keller letter, <u>passim</u>) can only be an intentional distortion of the record. As was made clear in out submission (and on the record) we appear for, and write only on behalf of, Mr. Jones. It should be apparent that the consequence of Your Honor's ruling on the existence of post-termination restraints compromises Mr. Jones to perform under his

**LEBENSFELD BORKER SUSSMAN & SHARON LLP**
ATTORNEYS-AT-LAW

Hon. Barbara S. Jones
United States District Court
Southern District of New York
July 26, 2007
page 3

contract with Radio One.[1] The continuation of restraints broader than those set forth in the CBS Radio License Agreement cannot be justified on the basis of any authority presented to the Court by CBS Radio. Indeed, if such a proposition has, in fact, been presented by CBS Radio, we are reasonably confident that the unauthorized 5:00 p.m. submissions initiated solely by CBS Radio will continue.

    Thank you for your consideration.

                                      Respectfully,

                                      Stephen Sussman

SS:bh

cc:    Bruce B. Keller, Esq. (by fax)

---

[1] We do not quarrel with the proposition that the July 24th appearance by Mr. Jones on the Joyner Show as the "Celebrity Snitch formerly known as HUGGY LOWDOWN" was ill-conceived. Regardless of the reason therefore -- it was the apparent result of miscommunication --, it should not have occurred. Such action has not been repeated, and CBS Radio does not assert otherwise. Whatever may be the consequence of such occurrence, there can be no valid argument that such one-time happening constitutes a basis for an extension of the restraints beyond those which were "bargained for" in the License Agreement. The hyperbole presented by CBS Radio in such regard does not substitute for legal authority.