Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)
**LEBENSFELD BORKER SUSSMAN & SHARON LLP**
Two Penn Plaza, Suite 1980
New York, New York
Tel: (212) 594-2030
Fax: (732) 594-6875

*Attorneys for Plaintiff and Counterclaim Defendant Samuel L. Jones Jr.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SAMUEL L. JONES JR.,

                    Plaintiff,

        -against-

INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

                    Defendant.
-------------------------------------------------------------x

INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

        Counterclaimant and Third-Party Plaintiff,

        -against-

SAMUEL L. JONES JR.,

        Counterclaim Defendant, and

RADIO ONE, INC.

        Third-Party Defendant.
-------------------------------------------------------------x

No. 07 Civ. 5693 (BSJ) (AJP)

**REPLY TO COUNTERCLAIMS
AND JURY DEMAND**

Samuel L. Jones Jr., Plaintiff and Counterclaim Defendant in the above-captioned action, by his attorneys, Lebensfeld Borker Sussman & Sharon LLP, for his Reply to the Counterclaims ("Counterclaims") asserted in the Answer, Counterclaim and Third-Party Complaint of Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C., alleges as follows:

1.     Neither admits nor denies the allegations contained in paragraph 1 of the Counterclaims concerning the nature of Defendant's claims because they state legal conclusions to which no response is required, and otherwise denies.

2.     Denies the allegations contained in paragraph 2 of the Counterclaims, except that he admits and avers that, from in or about the year 2000, Jones played the HUGGY LOWDOWN character on the "morning drive" program on WPGC-FM ("WPGC") until June 8, 2007; and that on July 16, 2007 Jones appeared as the HUGGY LOWDOWN character on the Tom Joyner Morning Show on radio stations owned by Radio One, Inc. ("Radio One").

3.     Denies the allegations contained in paragraphs 3, 5, 18-20 and 30, inclusive, of the Counterclaims, except that he admits and avers that (a) he and Defendant executed a license agreement ("License Agreement") on May 26, 2005, to which reference is made for the full terms and provisions thereof, (b) some time in the year 2005, Jones was presented with a draft letter agreement relating to services to be performed by Jones on the Donnie Simpson Morning Show, which Jones has no recollection of having completed or signed, and (c) on or about July 15, 2006, Jones was presented with a copy of an incomplete personal services agreement ("Personal Services Agreement"), which purports to contain Jones' signature, followed by a handwritten date of "5-26-05," to which Personal Services Agreement reference is made for the full terms and provisions thereof.

4.     Denies the allegations contained in paragraphs 4, 6, 22 and 31-33, inclusive, of the Counterclaims.

5.     Denies the allegations contained in paragraph 7 of the Counterclaims, except that he admits and avers, upon information and belief, that Defendant is a Delaware corporation with a principal place of business in Lanham, Maryland, which is not authorized to do business in the State of New York.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 12 of the Counterclaims.

7.     Neither admits nor denies the allegations contained in paragraph 13 of the Counterclaims concerning the propriety of venue in respect of  the claims against Radio One inasmuch as such allegations state legal conclusions as to which no response is required, and otherwise denies the allegations.

8.     Neither admits nor denies the allegations in paragraph 11 of the Counterclaims concerning the personal jurisdiction of the Court in respect of himself inasmuch as such allegations state legal conclusions as to which no response is required, and otherwise denies the allegations.

9.     Denies the allegations contained in paragraph 14 of the Counterclaims, except that he admits and avers, upon information and belief, that the Donnie Simpson Morning Show is broadcast on WPGC during the hours of 6 a.m. to 10 a.m. on weekdays and that Jones, together with Christopher Paul McMillian ("McMillian"), created a fictional character named HUGGY LOWDOWN, and that McMillian requested that Jones appear as such character on the Donnie Simpson Morning Show.

10.     Denies the allegations contained in paragraph 15 of the Counterclaims, except that he admits and avers that the HUGGY LOWDOWN feature became a popular daily part of the <u>Donnie Simpson Morning Show</u>.

11.     Denies the allegations contained in paragraphs 16 of the Counterclaims, except that he admits and avers that on or about September 10, 2003 Jones filed a Trademark Application ("Application") in the U.S. Patent and Trademark Office, to which Application is made for the contents thereof, and that, in 2004, Defendant opposed the Application.

12.     Denies the allegations contained in paragraph 17 of the Counterclaims, except that he admits and avers that Jones and Defendant resolved their dispute with regard to the ownership of the HUGGY LOWDOWN mark.

13.     Denies the allegations contained in paragraph 21 of the Counterclaims, except that he admits and avers that, following May 26, 2005, and the expiration of the License Agreement and Personal Services Agreement on May 25, 2006, Jones, as Huggy Lowdown, continued to "call in" to the <u>Donnie Simpson Morning Show</u> in the same manner that he had theretofore called in since in about the year 2000.

14.     Denies the allegations contained in paragraph 23 of the Counterclaims, except that he admits and avers that commencing some time in late December 2006 or early January 2007 Jones requested that Defendant pay him more money for his services.

15.     Denies the allegations contained in paragraph 24 of the Counterclaims, except that he admits and avers that, on June 11, 2007, he entered into an employment agreement with Radio One.

16.     Upon information and belief, admits the allegations contained in paragraph 26 of the Counterclaims.

17.     Denies the allegations contained in paragraph 28 of the Counterclaims, except that he admits and avers that, upon the dissolution of the current Order of Injunction, he intends to appear regularly on the <u>Tom Joyner Morning Show</u> on Radio One's WMMJ-FM as HUGGY LOWDOWN; and he further avers, upon information and belief, that prior to the issuance of the Order of Preliminary Injunction, Radio One had rejected requests by Defendant to cease airing and promoting HUGGY LOWDOWN on radio broadcast into the Washington, D.C. market.

18.     Jones makes no response to the allegations contained in paragraphs 35 through 38, inclusive of the Counterclaims insofar as such allegations refer to the conduct of Radio One.

## FIRST AFFIRMATIVE DEFENSE

19.     The Counterclaims fail to state a claim upon which relief may be granted.

**WHEREFORE** Plaintiff respectfully prays for judgment as follows:

(a)     That the Counterclaims be dismissed in their entirety with prejudice;

(b)     For the affirmative relief requested in the Amended Complaint herein;

(c)     That Jones be awarded compensatory damages in an amount to be determined at trial on account of the injunction improperly obtained herein;

(d)     That Jones be awarded his legal fees and expenses; and

(e)     That Jones have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Jones demands a trial by jury on all claims to which a jury trial may be had.

New York, New York
August 7, 2007

### LEBENSFELD BORKER SUSSMAN & SHARON LLP

By: /s/ Stephen Sussman
        Stephen Sussman (SS-1072)
        2 Penn Plaza
        Suite 1980
        New York, New York 10121
        Tel: (212) 594-2030
        *Attorneys for Plaintiff and Third Party Defendant*
        *Samuel L. Jones Jr.*