LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)
Attorneys for Third-Party Defendant Radio One, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SAMUEL L. JONES JR.,

      Plaintiff,

      -against-

INFINITY BROADCASTING CORPORATION OF
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,

      Defendant.
---------------------------------------------------------------x
---------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

      Counterclaimant and Third-Party
      Plaintiff,

      -against-

SAMUEL L. JONES JR.,

      Counterclaim Defendant, and

RADIO ONE, INC.,

      Third-Party Defendant.
---------------------------------------------------------------x

Civil Action No.
07 CV 5793 (BSJ/AJP)

DECLARATION OF
LINDA J. VILARDO
IN SUPPORT OF
RADIO ONE, INC.'S
MOTION TO DISMISS
AND TO MODIFY
THE AMENDED
<u>PRELIMINARY INJUNCTION</u>

<u>DECLARATION OF LINDA J. VILARDO</u>

**LINDA J. VILARDO** hereby declares as follows:

1. Since November 2004, I have been the Vice-President and Chief Administrative Officer of Third-Party Defendant Radio One, Inc. ("Radio One").

2. I make this declaration in support of the motions by Radio One to (A) dismiss the third-party complaint in the above-captioned action as against it on the grounds that there is no personal jurisdiction over Radio One in this Court and (B) to modify the Amended Preliminary Injunction issued by the Court on July 27, 2007 to delete any reference therein to Radio One. I have personal knowledge of the facts set forth below.

3. The Third-Party Complaint filed by Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. alleges no specific actions or contacts by Radio One with or within the State of New York.

4. Radio One is a Delaware corporation. Its principal place of business is in Lanham, Maryland.

5. Radio One currently owns and operates 70 radio stations located in 22 markets, including: Atlanta, Georgia; Boston, Massachusetts; Philadelphia, Pennsylvania; Miami-Ft. Lauderdale, Florida; Washington, D.C.; Detroit, Michigan; Baltimore, Maryland: Charlotte, North Carolina; Dallas, Texas; Los Angeles, California; Richmond, Virginia; and Louisville, Kentucky.

6. Radio One neither owns nor operates any radio stations in New York and has never done so. None of the signals from any of Radio One's radio stations can reach, or have ever been able to reach, New York.

7. Radio One does not have an office in New York, has no employees in New York and is not licensed to do business in New York.

8. Radio One has no material relationships with New York entities, other than:

   A) Its licenses with Broadcast Music, Inc. and the American Society of Composers, Authors, and Publishers to publicly perform all of the compositions in its repertoire;

   B) Its contract with its national advertising agency, the Katz Radio Group, which maintains its offices in New York; and

   C) Its relationship with Wachovia Bank and Bank of New York, which provide and oversee credit facilities available to Radio One.

9. Radio One also maintains other indirect contacts with New York through its investment in other properties, such as TV One, which has a sales office in New York, Magazine One LLC, which owns and operates a magazine-publishing company in New York, and Syndication One, a Maryland-based joint venture with Reach Media which provides noted New York activist Reverend Al Sharpton to radio stations for programming. None of these other ventures in which Radio One has invested, however, relates to the subject matter of the instant lawsuit.

10. All of the evidence relevant to the allegations made by the third-party plaintiff in the above-captioned manner is located outside of New York.

11. None of the negotiations between Radio One and Samuel Jones were conducted in New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed under penalty of perjury at Washington, D.C., on August __8__, 2007.

_____
LINDA J. VILARDO