ELECTRONICALLY FILED

LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)
Attorneys for Third-Party Defendant, Radio One, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAMUEL L. JONES JR.,                              :
                                                  :   Civil Action No.
                      Plaintiff,                  :   07 CV 5793 (BSJ/AJP)
                                                  :
         -against-                                :
                                                  :
INFINITY BROADCASTING CORPORATION                 :   MEMORANDUM OF LAW
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.:             IN SUPPORT OF RADIO
OF WASHINGTON, D.C.,                              :   RADIO ONE, INC.'S
                                                  :   MOTION TO DISMISS FOR
                      Defendant.                  :   LACK OF PERSONAL
-----------------------------------------------------------------x   JURISDICTION AND TO
-----------------------------------------------------------------x   MODIFY THE AMENDED
INFINITY BROADCASTING CORPORATION                 :   <u>PRELIMINARY INJUNCTION</u>
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.:
OF WASHINGTON, D.C.,                              :
                                                  :
     Counterclaimant and Third-Party              :
              Plaintiff,                          :
                                                  :
         -against-                                :
                                                  :
SAMUEL L. JONES JR.,                              :
                                                  :
     Counterclaim Defendant, and                  :
                                                  :
RADIO ONE, INC.,                                  :
                                                  :
         Third-Party Defendant.                   :
-----------------------------------------------------------------x

# TABLE OF CONTENTS

**PAGE**

Table of Authorities ..................................................................................................ii

    I.      THERE IS NO LONG-ARM JURISDICTION OVER
           RADIO ONE ..........................................................................................1

    II.     THE AMENDED PRELIMINARY INJUNCTION
           MUST BE MODIFIED .........................................................................7

Conclusion ................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Bensusan Rest. Corp. v. King,*
   937 F. Supp. 295 (S.D.N.Y. 1996) ................................................................ 5 n.4

*Cable News Network, L.P. v. GoSMS.com, Inc.,*
   2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) ................................................ 2 n.2

*Carrell v. Shubert Organization, Inc.,*
   104 F. Supp.2d 236 (S.D.N.Y. 2000) ............................................................ 6 n.5

*Carroll v. Kahn,*
   2003 WL 22327299 (N.D.N.Y. Oct. 9, 2003) .................................................. 2

*Citigroup, Inc. v. City Holding Co.,*
   97 F. Supp.2d 549 (S.D.N.Y. 2000) ................................................................. 4

*Clerc v. Cantoni, Inc.,*
   2002 WL 1482769 (S.D.N.Y. July 10, 2002) ................................................... 6

*Freeplay Music, Inc. v. Cox Radio, Inc.,*
   2005 WL 1500896 (S.D.N.Y. June 23, 2005) .................................................. 4

*Henderson v. I.N.S.,*
   157 F.3d 106 (2nd Cir. 1998) ........................................................................... 4

*Holness v. Maritime Overseas Corp.,*
   251 A.D.2d 220 (1st Dep't. 1998) .................................................................... 4

*Jacobs v. Felix Bloch Erben Verlagjitr Buhne Film und Funk KG*
   160 F. Supp.2d 722 (S.D.N.Y. 2001) ............................................................ 3, 4

*Janzini v. Nissan Motor Co., Ltd.,*
   148 F.3d 181 (2nd Cir. 1998) .............................................................. 1- 2, 6 n.5

*Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.,*
   26 F. Supp.2d 593 (S.D.N.Y. 1998) .............................................................. 2 n.2

*Mantello v. Hall,*
   947 F. Supp. 92 (S.D.N.Y. 1996) ............................................................... 2, 3, 5

*Plunkett v. Estate of Dame Jean Conan Doyle,*
   2001 WL 17525 (S.D.N.Y. Feb. 22, 2001) ....................................................... 2

*Reers v. Deutsche Bahn AG*,
    320 F.Supp.2d 140 (S.D.N.Y. 2004) .................................................................... 3, 7 n.5

*Spencer Trask Ventures, Inc. v. Archos S.A.*,
    2002 WL 417192 (S.D.N.Y. Mar. 18, 2002) ............................................................. 4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    395 U.S. 100 (1969) ................................................................................................. 7

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 2 n.2

Fed. R. Civ. P. 56 ........................................................................................................... 2 n.2

Fed. R. Civ. P. 59(e) ............................................................................................................ 1

**NEW YORK STATUTES**

CPLR § 301 ....................................................................................................................... 6 n.5

CPLR § 302(a) ..................................................................................................................... 1, 2

CPLR § 302(a)(1) ..................................................................................................................... 3

CPLR § 302(a)(2) ..................................................................................................................... 5

CPLR § 302(a)(3) ..................................................................................................................... 5

Radio One, Inc. ("Radio One"), a Delaware corporation with its offices in Lanham, Maryland, submits this memorandum in support of its motion for an order:

1) Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing with prejudice the Third-Party Complaint of Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio") because personal jurisdiction cannot properly be asserted over Radio One;

2) Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure deleting references to Radio One from the Amended Preliminary Injunction issued by the Court on July 27, 2007; and

3) For such other and further relief as the Court may allow.[1]

The relevant facts are set forth in the accompanying Declaration of Linda J. Vilardo, dated August 8, 2007 ("Vilardo Decl."), and need not be restated in full herein.

I.

**THERE IS NO LONG-ARM JURISDICTION OVER RADIO ONE**

The allegations against Radio One fail for the independently dispositive reason that Radio One is not subject to long-arm jurisdiction under New York law. The only jurisdictional fact CBS Radio alleges in its Third-Party Complaint regarding Radio One is the conclusory statement that Radio One is subject to the personal jurisdiction of the Court pursuant to CPLR §302(a). Third-Party Complaint ("3P Compl."), ¶12. That is not enough. For the reasons explained below, CBS Radio cannot meet its burden of demonstrating that personal jurisdiction over Radio One is appropriate.

To begin, it is well-settled that conclusory jurisdictional allegations of the type asserted in paragraph 12 of the Third-Party Complaint are inadequate. *See Janzini* v. *Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2nd Cir. 1998) ("conclusory statement" that was "but a

---

[1] Radio One appears in this action solely to contest the jurisdiction claimed over it by the Court in connection with CBS Radio's counterclaim.

1

restatement, with slight changes, of the legal standard" for personal jurisdiction was inadequate); *Plunkett* v. *Estate of Dame Jean Conan Doyle,* 99 Civ. 11006 (KMW), 2001 WL 175252, at *3 (S.D.N.Y. Feb. 22, 2001) (allegations that "repeat the statutory language," without a "factual basis," cannot defeat a 12(b)(2) motion made prior to discovery). Instead, a plaintiff must go further and, if it is possible consistent with Rule 11 obligations, "allege[ ] facts which if proved would support jurisdiction[.]" *See Mantello* v. *Hall,* 947 F. Supp. 92, 96 (S.D.N.Y. 1996) (plaintiff bears burden of alleging in first instance sufficient facts to establish jurisdiction over defendant); *Carroll* v. *Kahn,* 03 Civ. 0656 (TJM), 2003 WL 22327299, at *2 (N.D.N.Y. Oct. 9, 2003) (same). No such facts are alleged here.

Here, even if proven, the only specific facts that CBS Radio could allege -- out-of-state radio broadcasts infringing on an allegedly licensed trademark by a Delaware corporation whose headquarters are in Maryland -- show that jurisdiction cannot exist. *See, e.g., Caroll,* 2003 WL 22327299, at *3 (showing allegedly infringing film in California does not give rise to jurisdiction in New York); *Mantello,* 947 F. Supp. 92 (S.D.N.Y. 1996) (performance of infringing work by Florida regional theater company did not give rise to jurisdiction in New York). Moreover, as the Vilardo Decl. shows, there are no additional facts that CBS Radio truthfully could allege to support jurisdiction.[2]

CBS Radio conclusorily invokes long-arm jurisdiction under CPLR § 302(a), 3P Compl., ¶12, but, under either CPLR § 302(a) such jurisdiction is not obtainable over Radio One.

---

[2] In considering this Rule 12(b)(2) motion, the court may consider the Vilardo Decl. "without converting the motion into one for summary judgment under Rule 56." *Cable News Network, L.P,* v. *GoSMS.com, Inc.,* 99 Civ. 4812 (LMM), 2000 WL 1678039, at *1, n.1 (S.D.N.Y. Nov. 6, 2000) (*citing Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc.,* 26 F. Supp.2d 593, 604 [S.D.N.Y. 1998]).

2

CPLR §302 (a)(1) requires (1) the non-domiciliary "in person or through an agent, [to] transact[] business within the state or contract[ ] anywhere to supply goods or services in the state" *and* (2) that the "cause of action arise out of" that transaction. *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG Jacobs,* 160 F. Supp.2d 722, 739 (S.D.N.Y. 2001) (jurisdiction under CPLR §302(a)(1) requires a "substantial nexus" between the New York transactions and the cause of action that must be "direct"). The Third-Party Complaint, however, alleges no such nexus, substantial or otherwise, and, as the Vilardo Decl. makes clear, none exists.

First, Radio One's general licenses with Broadcast Music, Inc. ("BMI") and the American Society of Composers, Artists, and Songwriters, and Composers ("ASCAP") to perform the compositions in its repertoire (Vilardo Decl., ¶ 8[A]) do not confer jurisdiction over Radio One under CPLR §302(a)(1) because the cause of action does not directly arise out of the performance of that license. *Mantello,* 947 F. Supp. at 100-01 (license to perform play did not satisfy nexus requirement); s*ee also Jacob,* 160 F. Supp.2d at 740 (no jurisdiction under 302(a)(1) where New York transactions did not directly relate to the allegedly infringing elements of the performance). Consequently, because there is no connection between the allegedly infringing broadcasts and Radio One's conduct under the licenses, this contact cannot be the basis of jurisdiction under CPLR § 302(a)(1). *Id.*

Nor can the existence of a relationship between Radio One and its New York-based advertising agency (Vilardo Decl., ¶ 8[B]) serve as a jurisdictional basis. *See, e.g., Reers v. Deutsche Bahn AG,* 320 F. Supp.2d 140, 150 (S.D.N.Y. 2004) ("contractual relationships with entities that happen to have operations in New York" are not enough); *see also Freeplay Music, Inc. v. Cox Radio, Inc.,* 04 Civ. 5238 (GEL), 2005 WL 1500896, at *3 (S.D.N.Y. June 23, 2005)

3

(*quoting Holness v. Maritime Overseas Corp.*, 251 A.D.2d 220, 676 N.Y.S.2d 540, 543 [1st Dep't 1998] ["New York has no jurisdiction over a foreign defendant company whose only contacts with New York are advertising and marketing activities plus representatives' occasional visits to New York"]); *Spencer Trask Ventures, Inc. v. Archos S.A.*, 01 Civ. 1169 (LAP), 2002 WL 417192, at *6 (S.D.N.Y. Mar. 18, 2002) ("the mere fact that a non-domiciliary enters into a contract with a company headquartered in New York does not establish the requisite minimum contacts"). Thus, the mere happenstance that Radio One's national advertising agency is located in New York likewise is insufficient to find personal jurisdiction over Radio One.

The final material contact with New York described in the Vilardo Decl. is Radio One's relationship with the banks which oversee its credit facilities. Vilardo Decl., ¶ 8(C). Such a relationship also is insufficient in and of itself to create jurisdiction over Radio One. *See, e.g., Jacobs*, 160 F. Supp.2d at 737 (no agency relationship between bank and customer unless bank is primarily employed by customer and does not engage in similar services for other clients).

Even if the Court were to look beyond the impact of each individual contact and look to the cumulative effect of all contacts, personal jurisdiction over Radio One still would not obtain because the cause of action alleged here does not "arise[] out of the subject matter of the business transacted." *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp.2d 549, 564 (S.D.N.Y. 2000); *see also Henderson v. I.N.S.*, 157 F.3d 106, 123 (2nd Cir. 1998) ("articulable nexus" or "substantial relationship" must exist between claims asserted and New York actions for court to determine that cause of action arose out of the defendant's activities). Whether the Court considers each contact individually, or all of them jointly, CBS Radio's causes of action do not arise out of Radio One's broadcast licenses with BMI or ASCAP, Radio One's contractual relationship with its New York-based advertising agency, or its dealings with its New York-

based banks.³ Nor can CBS Radio validly so allege.

If CBS Radio seeks to rely on CPLR § 302(a)(2), which requires that the non-domiciliary 'in person or through an agent, "commit[] a tortious act within the state," personal jurisdiction over Radio One still would not lie. Nowhere, does the Third-Party Complaint allege that Radio One or any agent of Radio committed any tort in New York. Instead, the Third-Party Complaint, in paragraphs 23-28, 35-38, specifically identifies the allegedly infringing acts as radio broadcasts that took place in the Washington, D.C. "Total Survey Area". Moreover, as the Vilardo Decl. makes clear, no negotiations with Mr. Jones regarding his Radio One contract were conducted in New York. Vilardo Decl., ¶ 11.

In the copyright, Lanham Act, and unfair competition contexts, CPLR § 302(a)(2) jurisdiction exists only when the allegedly infringing work is made available in New York. *Mantello,* 947 F. Supp. at 101. Radio One's radio stations and, more importantly, the broadcasts complained off, originated in Washington, D.C. and do not reach, and CBS Radio has not alleged that the broadcasts have reached, New York. Accordingly, there is no basis for long-arm jurisdiction under CPLR § 302(a)(2).⁴

Finally, if CBS Radio relies upon CPLR § 302(a)(3), which requires that the non-domiciliary in person or through an agent "commit[] a tortious act without the state causing injury to person or property within the state," personal jurisdiction over Radio One still would not lie. Jurisdiction under CPLR § 302(a)(3) is available only if Radio One "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial

---

³ Nor do any of the other indirect contacts stated by Vilardo relate to the subject matter of the instant action. Vilardo Decl. ¶ 9.

⁴ Nor does the possible availability of the broadcast on the internet change the analysis. Courts have long declined to find personal jurisdiction over out-of-state actors whose only alleged infringing activity in New York was internet activity. *See, e.g., Bensusan Rest. Corp. v. King,* 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd,* 126 F.3d 25 (2ⁿᵈ Cir. 1997).

revenue from goods used or consumed or services rendered" in the state or "expects or should reasonably expect the act to have consequences in the state." However, as seen in the Vilardo Decl., Radio One does not do any business in the State of New York and provides no goods or services within the state. Vilardo Decl., ¶¶ 6-7.

Moreover, given the specific geographic limitation of the license agreement claimed to be violated by the broadcasts, CBS Radio cannot claim to be harmed in New York as a consequence of an alleged violation of an exclusive right to use of a trademark in the Washington, D.C. "Total Survey Area." Indeed, it would strain common sense for CBS Radio to argue that it would be harmed in New York by Radio One's actions in Washington D.C. where the license agreement says that the very same actions, if performed in New York, would be allowed by the agreement! Under the circumstances, there is no support for the claim that Radio One's actions in Washington, D.C. caused harm to CBS Radio in New York, let alone that Radio One should have known that such harm would occur.

Given the clear lack of contacts with the forum state, the exercise of jurisdiction over Radio One in this case would violate due process because the overall relationship between Radio One and New York is extremely limited and there is no connection between Radio One's contacts with the forum and the subject matter of litigation. *Clerc v. Cantoni, Inc.*, 01 Civ. 2481 (RO), 2002 WL 1482769 (S.D.N.Y. July 10, 2002) (due process not satisfied where plaintiff had no factual basis to support conclusory jurisdictional allegations and defendant operated its business in Texas and the majority of its witnesses and evidence were located in Texas).[5]

---

[5] Even if CBS Radio asserted general jurisdiction over Radio One under CPLR § 301, such argument would be unavailing because general jurisdiction over Radio One could exist only if it was "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its presence in the state." *Janzini*, 148 F.3d at 184 (internal punctuation and citation omitted). However, the Third-Party Complaint contains no such allegations and Radio One has no offices or employees in New York and is not licensed to do business in New York. Vilardo Decl., ¶ 7. Absent such facts, general jurisdiction cannot exist. *See Carrell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236, 268 (S.D.N.Y. 2000) (listing criteria). Nor do the BMI and

6

## II.

## THE AMENDED PRELIMINARY INJUNCTION MUST BE MODIFIED

It is axiomatic that an injunction cannot issue against a party over which the Court does not have personal jurisdiction. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (injunction under Fed. R. Civ. P. 65 cannot be entered against non-party).

Here it is clear that, in the absence of personal jurisdiction over Radio One, *see* Point I, *supra*, its inclusion as a named enjoined party exceeded the scope of the Court's authority. Consequently, Radio One's motion to modify the Amended Preliminary Injunction should be granted and Radio One's name deleted from the Order.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint as against Radio One and modify the Amended Preliminary Injunction to delete any reference to Radio One as an enjoined party therein.

Dated: New York, New York
      August 9, 2007

                        **LEBENSFELD BORKER SUSSMAN & SHARON LLP**

                        By: /s/ Stephen Sussman
                              Stephen Sussman (SS-1072)
                              2 Penn Plaza, Suite 1980
                              New York, New York 10121
                              Tel: (212) 594-2030
                              Fax: (212) 594-6875
                              Attorneys for Third-Party Defendant,
                                Radio One, Inc.

---

ASCAP licenses confer general jurisdiction over Radio One. Contracts "with entities that happen to have operations in New York" do not create general jurisdiction "because [they do] not show extensive conduct directed toward or occurring in New York." *Reers*, 320 F. Supp.2d at 150.