Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)
LEBENSFELD BORKER SUSSMAN & SHARON LLP
Two Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

*Attorneys for Plaintiff Samuel L. Jones Jr.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAMUEL L. JONES JR.,

        Plaintiff,

   -against-

INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

        Defendant.
------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

   Counterclaimant and Third-Party Plaintiff,

   -against-

SAMUEL L. JONES JR.,

   Counterclaim Defendant, and

RADIO ONE, INC.

   Third-Party Defendant.
------------------------------------------------------------------x

No. 07 Civ. 5693 (BSJ/AJP)

DECLARATION OF
<u>EVERESTUS THOMAS</u>

**EVERESTUS THOMAS** hereby declares as follows:

1.  I am a manager of talent and a promoter. For several years, I have been the manager of, and adviser to, Samuel L. Jones Jr., professionally known as Huggy Lowdown. During the past several years, my primary role with Mr. Jones has been to book appearances by Huggy at venues in the Washington, D.C. metropolitan area, where Huggy is widely known in the urban community. I make this Declaration on my personal knowledge, first, to corroborate the statements of Mr. Stanley Richards in his accompanying Declaration and to impress upon the Court the urgency of this matter, and, second, to bring to the attention of the Court important information that CBS Radio should have presented to the Court during the hearing on the preliminary injunction.

2.  First, the "Huggy Lowdown Comedy Throwdown" ("Comedy Show") presently scheduled to occur on September 8, 2007 at the Hyatt Regency in Crystal City, Virginia has been in the works for six months. Mr. Richards correctly describes the vital role that radio promotions play in the success or failure of such show, and the fact that there are only two radio stations that are focused on our intended audience.

3.  After WPGC turned down the request that it accept advertisements for such comedy show, Mr. Richards requested that I seek to place such promotions on Radio One's WMMJ. As described in Mr. Rivera's accompanying Declaration, Mr. Jones and Radio One, in an effort to avoid further controversy, requested approval of such promotions from CBS Radio's attorneys. The advice received -- a "preservation of rights to enforce the injunction" -- is no advice at all. It leaves Mr. Jones (and Radio

One) in the position that, if the promotions are aired (and the case not settled to CBS Radio's satisfaction), a long, and expensive, court fight over the propriety of such promotion lies ahead.  If the promos are not aired, the September 8 Comedy Show will likely be a financial disaster, and, for all intents and purposes, I will not be able to book Mr. Jones for personal appearances until after May 26, 2008.  The Court's urgent intervention on this limited issue is needed.

4. Second, on July 26, 2007, after prior unsuccessful attempts, I was successful in locating the original of the "April 27, 2007 Renewal Notice" in Mr. Jones' apartment, together with the envelope in which it was mailed.  Such Notice was apparently mailed by Certified Mail, Return Receipt Requested.  Such envelope, postmarked April 28, 2007, together with its enclosure, is Exhibit 2.  (Exhibit 1 is attached to Mr. Richards' Declaration.)  One would have assumed that the signed portion of the Certified Mail Receipt, together with proof of mailing on April 28, 2007, was in the possession of CBS Radio prior to the recent hearing on CBS Radio's application for a preliminary injunction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed under penalty of perjury at Lanham, Maryland on August 9, 2007.

_____
EVERESTUS THOMAS

3