Bruce P. Keller (BK-9300)                          ELECTRONICALLY FILED
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff*
*Infinity Broadcasting Corporation of Washington, D.C. n/k/a*
*CBS Radio Inc. of Washington, D.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMUEL L. JONES JR.,                                    :

          Plaintiff,                               :    No. 07 Civ. 5693 (BSJ) (AJP)

   -against-                                          :

INFINITY BROADCASTING CORPORATION OF              :    **NOTICE OF MOTION FOR**
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF               **LEAVE TO FILE**
WASHINGTON, D.C.,                                  :    **AMENDED ANSWER,**
                                                       **COUNTERCLAIMS, AND**
          Defendant.                               :    **THIRD-PARTY COMPLAINT**

                                                   :
------------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF              :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                                  :

      Counterclaimant and Third-Party Plaintiff,     :

   -against-                                          :

SAMUEL L. JONES JR.,                               :

          Counterclaim Defendant, and
                                                   :
RADIO ONE, INC.,
                                                   :
          Third-Party Defendant.                   x

PLEASE TAKE NOTICE that upon the accompanying Declaration of Jeremy Feigelson and Memorandum of Law and all papers and proceedings herein, Defendant, Counterclaimant, and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. by its attorneys, Debevoise & Plimpton LLP, will respectfully move pursuant to Federal Rules of Civil Procedure 15(a) and 13(f), at a date and time to be determined by the Court, for leave to file an Amended Answer, Counterclaims, and Third-Party Complaint in the form attached hereto as an exhibit.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 6.1(b) of the Local Rules of the United States District Court for the Southern District of New York, any opposing affidavits and answering memoranda shall be served within ten business days after service of the moving papers.

Dated: New York, New York
      August 10, 2007                     DEBEVOISE & PLIMPTON LLP

By: _____ /s/ Jeremy Feigelson

Bruce P. Keller
Jeremy Feigelson

919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C.*

3

# EXHIBIT

Bruce P. Keller (BK-9300)                ELECTRONICALLY FILED
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff*
*Infinity Broadcasting Corporation of Washington, D.C. n/k/a*
*CBS Radio Inc. of Washington, D.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SAMUEL L. JONES JR.,                                :

               Plaintiff,                          :    No. 07 Civ. 5693 (BSJ) (AJP)

      -against-                                 :

INFINITY BROADCASTING CORPORATION OF            :    **AMENDED ANSWER,**
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF            **COUNTERCLAIMS AND**
WASHINGTON, D.C.,                            :    <u>**THIRD-PARTY COMPLAINT**</u>

            Defendant.                            :

                             :
-----------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF            :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                            :

         Counterclaimant and Third-Party Plaintiff,    :

     -against-                                 :

SAMUEL L. JONES JR.,                            :

          Counterclaim Defendant, and        :

RADIO ONE, INC.,                            :

          Third-Party Defendant.             x

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Counterclaimant and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio"), by its attorneys, Debevoise & Plimpton LLP, for its Third-Party Complaint against Radio One, Inc. ("Radio One") and its Counterclaims against Samuel L. Jones Jr., alleges as follows:

## Introduction

1.     These are claims for breach of contract by Jones, tortious interference with contract by Radio One, and false designation of origin, false representation, false advertising, unfair competition, and deceptive acts and practices by both Jones and Radio One.  All of CBS Radio's claims arise out of the unlawful use by Jones and Radio One of the trademark HUGGY LOWDOWN, a fictional radio character created by the personnel of CBS Radio station WPGC-FM ("WPGC") in suburban Washington, D.C.

2.     For years Jones has played the HUGGY LOWDOWN character on a popular "morning drive" program on WPGC-FM.  Jones recently began working for a competing station owned by Radio One, where he began to play the HUGGY LOWDOWN character on-air in violation of CBS Radio's legal rights.

3.     Since 2005, Jones and CBS Radio have been parties to a valid License Agreement and Personal Services Agreement.  Taken together, the two agreements expressly provide that:

    a.     *CBS Radio has exclusive rights to use HUGGY LOWDOWN in the Washington, D.C. radio market for the duration of the Services Agreement plus one year.*  The Services Agreement is over but the one-year extension of exclusivity is still in effect.  By playing the

HUGGY LOWDOWN character on a competing station during the one-year period, Jones is violating CBS Radio's exclusive rights.

b.   *Jones cannot use HUGGY LOWDOWN in the Washington, D.C. radio market for so long as CBS Radio continues to air The Donnie Simpson Morning Show, where HUGGY LOWDOWN was originated by show staff.*  The Donnie Simpson Morning Show remains on the air, making Jones's current conduct a clear breach of this obligation.

4.     Radio One has tortiously interfered with the contractual relationship between CBS Radio and Jones.  Radio One was and is well aware of that relationship and the specific ongoing obligations owed by Jones to CBS Radio.  Yet Radio One has encouraged and facilitated Jones's breach, by hiring him away, putting him on the air as HUGGY LOWDOWN and vigorously promoting those appearances.

5.     The agreements between Jones and CBS Radio make clear that Jones is free to exploit the HUGGY LOWDOWN mark in any context other than the Washington, D.C. area radio market.  Simply put, Jones is free to try and make a living off the character – he just cannot use the character to compete against the CBS Radio station that created it.

6.     The conduct of Jones and Radio One is causing and will cause CBS Radio irreparable harm that is difficult to quantify.  This Court therefore should temporarily, preliminarily and permanently prohibit Jones and Radio One from any use of the HUGGY LOWDOWN mark in connection with any radio broadcast or performance in the Washington, D.C. area radio market.

**The Parties**

7.       CBS Radio is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

8.       On information and belief, Jones is a natural person, residing at 743 Fairmont Street, N.W., #206, Washington, District of Columbia.

9.       On information and belief, Radio One is a corporation organized and existing under the laws of Delaware with its principal place of business at 5900 Princess Garden Parkway, 7th Floor, Lanham, Maryland.

**Jurisdiction and Venue**

10.       This Court has jurisdiction over the subject matter of CBS Radio's third-party claim and counterclaim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).  The matter in controversy including the value of injunctive relief exceeds, exclusive of interests and costs, the sum of $75,000 and is between citizens of different states.

11.       This Court has personal jurisdiction over Jones pursuant to his contractual consent to jurisdiction in this district and pursuant to sections 301 and 302(a) of the New York Civil Practice Law & Rules.

12.       This Court has personal jurisdiction over Radio One pursuant to sections 301 and 302(a) of the New York Civil Practice Law & Rules.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district, and because CBS Radio (defendant in the original action) resides here.

**Facts**

14.     WPGC is a CBS Radio station that daily broadcasts The Donnie Simpson Morning Show during the commercially critical "morning drive" hours of 6 to 10 a.m. on weekdays.  Approximately seven years ago, WPGC personnel developed a fictional character named HUGGY LOWDOWN who would call in on the telephone and provide humorous on-air gossip and entertainment commentary.  WPGC personnel also arranged for Jones to play the character.  Jones did so, following scripts and direction provided by a member of the WPGC staff.

15.     Over time, the HUGGY LOWDOWN feature became a popular daily part of The Donnie Simpson Morning Show.  WPGC invested heavily in developing and promoting the character.

16.     Jones eventually decided to try and assert rights over the HUGGY LOWDOWN character.  On or about September 10, 2003, Jones filed a Trademark Application in the U.S. Patent and Trademark Office, seeking protection for the right to use the HUGGY LOWDOWN mark for entertainment services, namely, comedy performances broadcast over satellite radio and stand up comedy in front of a live audience.  In 2004, CBS Radio opposed Jones's application.

17.     Jones and CBS Radio began negotiating a new arrangement for use of the HUGGY LOWDOWN character that would include a resolution of the trademark application dispute.  The Services Agreement and License Agreement grew out of these discussions.

18.     On May 26, 2005, Jones and CBS Radio executed the Services Agreement.  It provided, in essence, that Jones would do regular five-minute call-in bits over a one-year period,  for pay, with CBS Radio having a right of renewal for one more year on 30 days' notice prior to expiration of year one.

19.     Also on May 26, 2005 and contemporaneous with the Services Agreement, the parties executed the License Agreement.  This granted CBS Radio an exclusive, royalty-free license to use the HUGGY LOWDOWN mark on and in connection with radio programs, including Internet transmission of the WPGC-FM signal, on WPGC or any WPGC affiliate in the Washington, D.C. Total Survey Area as defined by the Arbitron ratings service.  This exclusivity would continue for an additional year following the termination of Jones's Services Agreement.

20.     Jones further agreed that Jones would never use the HUGGY LOWDOWN mark on any other broadcast radio station in the Washington, D.C. Total Survey Area at any time that The Donnie Simpson Morning Show is broadcast on WPGC and would not use the HUGGY LOWDOWN mark in any manner that will conflict with CBS Radio's exclusive rights.

21.     Following execution, the parties performed under the Services Agreement and the License Agreement according to their terms.

22.    On April 27, 2006, Jay Stevens of CBS Radio sent Jones a letter giving notice that it was exercising the option to renew the Services Agreement by one additional year.  Prior to the filing of this lawsuit, Jones never contended that the notice was untimely or ineffective.  Jones continued to perform under the Services Agreement and to respect CBS Radio's rights under the License Agreement.

23.    In the first quarter of 2007, CBS Radio and Jones began a dialogue about a possible new agreement.  During this dialogue Jones never contended that his original agreement had lapsed.  The entire dialogue was based on the parties' shared understanding that the original agreement remained in place and was coming to the end of its second year.

24.    Jones eventually broke off discussions with CBS Radio and entered into an agreement with Radio One.

25.    On June 14, 2007, Jones filed the original Complaint in this matter.

26.    In or around July 13, 2007, Radio One began a series of ongoing promotions on radio station WMMJ-FM, a radio station also serving the Washington, D.C. Total Survey Area, and on the associated majic1023.com website, stating that "HUGGY LOWDOWN" was joining the nationally-syndicated Tom Joyner Morning Show, which airs each weekday on WMMJ.

27.    In or around July 16, 2007, Jones made the first of multiple appearances on the Tom Joyner Morning Show on WMMJ-FM and on the majic1023.com website using the HUGGY LOWDOWN trademark and performing the same HUGGY

LOWDOWN character that was previously portrayed on WPGC's The Donnie Simpson Morning Show.

28.    On information and belief, but for the preliminary injunction, Jones intends to appear regularly on the Tom Joyner Morning Show on Radio One's WMMJ-FM and on the majic1023.com website using the HUGGY LOWDOWN trademark and performing the same HUGGY LOWDOWN character that was previously portrayed on WPGC's Donnie Simpson Morning Show.  Radio One rejected requests by CBS Radio that it cease and desist from airing or promoting Jones as HUGGY LOWDOWN.

### Count I:  Breach of Contract by Jones

29.    CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

30.    The License Agreement is a valid contract.  It grants CBS Radio the exclusive right to use the HUGGY LOWDOWN mark on and in connection with radio programs in the Washington, D.C. area through May 26, 2008.  It also precludes Jones, on a continuing basis, from using the HUGGY LOWDOWN mark on any other broadcast radio station in the Washington, D.C. market for so long as WPGC continues to broadcast The Donnie Simpson Morning Show.

31.    Jones's use of the HUGGY LOWDOWN mark on WMMJ, which broadcasts within the Washington, D.C. Total Survey Area, constitutes a material breach of the License Agreement.

32.    Jones's use of the HUGGY LOWDOWN mark in violation of the exclusive License Agreement is causing and will cause damage and irreparable injury to

CBS Radio and to the business and goodwill that CBS Radio has developed in the HUGGY LOWDOWN mark, in an amount that cannot be ascertained at this time, leaving CBS Radio with no adequate remedy at law.

33.    By reason of the foregoing, CBS Radio is entitled to injunctive relief against Jones, enjoining and restraining him from further use of the HUGGY LOWDOWN mark within the Washington, D.C. Total Survey Area and, after trial, recovery of any damages (to the extent calculable) proven to have been caused by reason of Jones's acts.

### Count II: Tortious Interference with Contract by Radio One

34.    CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

35.    Radio One knew of Jones's contractual obligations to CBS Radio before it offered Jones the opportunity to join Radio One.

36.    Radio One, by entering into a contract with Jones, by facilitating and promoting Jones's appearances as HUGGY LOWDOWN on WMMJ-FM, and by initiating and financing the instant litigation on behalf of Jones, has tortiously interfered with Jones's contractual obligations to CBS.

37.    Radio One's ongoing interference with Jones's contractual obligations is causing and will cause irreparable injury to CBS Radio and to the business and goodwill that CBS Radio has developed in the HUGGY LOWDOWN mark, in an amount that cannot be ascertained at this time, leaving CBS Radio with no adequate remedy at law.

38.     By reason of the foregoing, CBS Radio is entitled to injunctive relief against Radio One, enjoining and restraining it from further interfering with Jones's contractual obligations to CBS Radio and, after trial, to recovery of any damages (to the extent calculable) proven to have been caused by reason of Jones's acts.

### Count III: Trademark Infringement, False Designation of Origin and False Representations under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by Jones and Radio One

39.     CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

40.     CBS Radio is the creator and current exclusive licensee of the HUGGY LOWDOWN mark, in which CBS Radio has developed substantial business and goodwill and in which CBS Radio has a significant continuing commercial interest.

41.     The unauthorized use by Jones and Radio One of the HUGGY LOWDOWN mark is likely to cause and has caused confusion, or to cause mistake, or to deceive as to the source or origin of Jones's and Radio One's services and promotions.

42.     The unauthorized use by Jones and Radio One of the HUGGY LOWDOWN mark is likely to cause consumers mistakenly to believe that Jones and Radio One, and their services and promotions, are sponsored, approved or endorsed by, or are otherwise affiliated with, CBS Radio and/or WPGC, thus constituting infringement, false designation of origin and false representations, with consequent damages to CBS Radio and the substantial business and goodwill that CBS Radio has developed in the HUGGY LOWDOWN mark.

43.     By engaging in the activities described above, Jones and Radio One have made and are making false, deceptive, and misleading statements constituting infringement, false designation of origin and false representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Jones's and Radio One's actions described above, including the use of the HUGGY LOWDOWN mark in interstate commerce, have caused, and unless permanently restrained, will continue to cause great and irreparable injury to CBS Radio, leaving CBS Radio with no adequate remedy at law.

45.     By reason of the foregoing, CBS Radio is entitled to injunctive relief against Jones and Radio One, restraining further acts of false designation of origin and false representations, and, after trial, to recover the damages resulting from the aforesaid acts together with Jones's and Radio One's profits.

### Count IV: False Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by Jones and Radio One

46.     CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

47.     CBS Radio is the creator and current exclusive licensee of the HUGGY LOWDOWN mark, in which CBS Radio has developed substantial business and goodwill and in which CBS Radio has significant continuing commercial interest.

48.     The unauthorized use by Jones and Radio One of the HUGGY LOWDOWN mark is likely to cause and has caused consumers mistakenly to believe that Jones and Radio One, and their services and promotions, are sponsored, approved or

11

endorsed by, or are otherwise affiliated with, CBS Radio and/or WPGC, thus constituting false advertising, with consequent damages to CBS Radio and the substantial business and goodwill that CBS Radio has developed in the HUGGY LOWDOWN mark.

49.    By engaging in the activities described above, Jones and Radio One have made and are making false, deceptive, and misleading statements constituting false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Jones's and Radio One's actions described above, including the use of the HUGGY LOWDOWN mark in interstate commerce, have caused, and unless permanently restrained, will continue to cause great and irreparable injury to CBS Radio, leaving CBS Radio with no adequate remedy at law.

51.    By reason of the foregoing, CBS Radio is entitled to injunctive relief against Jones and Radio One, restraining further acts of false designation of origin and false representations, and, after trial, to recover the damages resulting from the aforesaid acts together with Jones's and Radio One's profits.

### Count V: Unfair Competition under Common Law

52.    CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

53.    The unauthorized use by Jones and Radio One of the HUGGY LOWDOWN mark is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin or affiliation of Jones's and Radio One's services, goods or promotions.

54.    Jones and Radio One have acted in bad faith in using the HUGGY LOWDOWN mark without authorization.

55.     Jones's and Radio One's acts as described above constitute unfair competition under New York State common law, as preserved by New York General Business Law § 360-o.

### Count VI: Deceptive Acts and Practices under New York Law

56.     CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

57.     Jones's and Radio One's conduct is oriented or directed towards consumers and is deceptive or misleading in a material way.

58.     CBS Radio has suffered injury as a result of Jones's and Radio One's conduct.

59.     Jones's and Radio One's acts as described above constitute deceptive acts and practices in violation of New York General Business Law § 349.

### Count VII: False Advertising under New York Law

60.     CBS Radio repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

61.     Jones's and Radio One's advertising and promotion has had an impact on consumers and is deceptive or misleading in a material way.

62.     CBS Radio has suffered an injury as a result of Jones's and Radio One's advertising and promotion.

63.     Jones's and Radio One's acts as described above constitute false advertising in violation of New York General Business Law § 350.

## ANSWER

For its Answer to the Amended Complaint, CBS Radio states as follows:

1.      Denies that Jones created the name and character "HUGGY LOWDOWN," neither admits nor denies the allegations concerning the nature of this action and the relief sought because they state legal conclusions to which no response is required, and otherwise denies.

2.      Neither admits nor denies because this paragraph states a legal conclusion to which no response is required.

3.      Neither admits nor denies because this paragraph states a legal conclusion to which no response is required.

4.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Plaintiff Jones is a natural person.

5.      Admit that CBS Radio's principal place of business is New York, New York.

6.      Denies, and in particular denies the allegation that Jones "created" the HUGGY LOWDOWN character, except admits that Jones is an entertainer, primarily a comedian who has achieved some popularity in the Washington, D.C. urban area.

7.      Denies, except admits that from some time in or about the year 2000 until early June 2007, Jones, playing the "HUGGY LOWDOWN" character in reliance on material and direction provided by CBS Radio personnel, periodically called into The Donnie Simpson Morning Show, a radio show program popular in the Washington, D.C. area on WPGC.

8.      Admits.

9.      Admits.

10.     Denies and refers to the License Agreement for its contents, which speak for themselves.

11.     Denies and refers to the License Agreement for its contents, which speak for themselves.

12.     Denies and refers to the License Agreement for its contents, which speak for themselves.

13.     Denies and refers to the License Agreement for its contents, which speak for themselves.

14.     Denies and refers to the Services Agreement, the contents of which speak for themselves.  To the extent this paragraph purports to recite Jones's personal recollection, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     Denies and refers to the Services Agreement, the contents of which speak for themselves.

16.     Denies and refers to the Services Agreement, the contents of which speak for themselves.

17.     Denies and refers to the Services Agreement, the contents of which speak for themselves.

18.     Denies and refers to the letter of April 27, 2006, the contents of which speak for themselves.

19.    This paragraph states legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading may be required, denies.

20.    Denies, except admits that on or about June 10, 2007, Jones advised CBS Radio that he was rejecting its offer to continue appearing on WPGC and would join a competing station, and that WPGC subsequently announced that Jones would no longer be appearing on WPGC.

21.    Denies knowledge or information sufficient to form a believe as the truth of the allegations, except admits on information and belief that Jones has entered into an agreement with Radio One on the terms alleged in paragraph 21 as well as other terms.

22.    Denies, except admits that the License Agreement prohibits Jones from utilizing the HUGGY LOWDOWN mark on any radio broadcast within the Washington, D.C. Total Survey Area, including but not limited to Radio One's radio broadcast, and admits that CBS Radio has so advised Jones.

23.    Repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

24.    This paragraph states a contention or legal conclusion to which no responsive pleading is required.  To the extent that a responsive pleading may be required, denies.

25.    This paragraph states a contention or legal conclusion to which no responsive pleading is required.  To the extent that a responsive pleading may be required, denies.

26.     This paragraph states a contention or legal conclusion to which no responsive pleading is required.  To the extent that a responsive pleading may be required, denies.

27.     Admits.

28.     Admits that this is an accurate description of certain of CBS Radio's rights under the License Agreement.

29.     This paragraph states a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading may be required, admits.

30.     This paragraph states a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading may be required, denies.

31.     Repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Admits, and avers that the offers made to Jones were in good faith and commercially reasonable.

34.     Denies.

35.     Denies, except admits that in the course of discussions with Jones, CBS Radio referred to the post-termination restrictions on use of the HUGGY LOWDOWN character, and avers that Jones did not deny or dispute the applicability of these restrictions.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admit on information and belief that Jones began appearing on The Tom Joyner Morning Show as HUGGY LOWDOWN on or about Monday, July 16, 2007.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

38.    Denies, and avers that under the License Agreement and Services Agreement, Jones has ample alternative means of making a living that do not require violating the legal rights of CBS Radio.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrines of waiver, estoppel and laches.

*    *    *

CBS Radio further denies any allegations in the Amended Complaint not heretofore specifically admitted and denies that Jones is entitled to the relief requested in his Prayer for Relief or to any other relief.

## **PRAYER FOR RELIEF**

WHEREFORE, CBS Radio respectfully prays:

a.  That judgment be entered against Jones dismissing the Amended Complaint in its entirety with prejudice;

b.  That Jones, Radio One and all those acting in concert or participation with them (including, but not limited to, their officers, directors, agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) be temporarily, preliminarily and permanently enjoined and restrained from using the HUGGY LOWDOWN mark in any way in connection with any radio broadcast or promotion in the Washington, D.C. market at least through May 26, 2008.

c.  That CBS Radio be awarded compensatory damages in an amount to be determined at trial.

d.  That CBS Radio be awarded its legal fees and expenses.

e.  That CBS Radio have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

CBS Radio demands a trial by jury on all claims as to which a jury trial may be had.

Dated:  New York, New York
         August 10, 2007

                     DEBEVOISE & PLIMPTON LLP

                     By: _____/s/ Jeremy Feigelson
                           Bruce P. Keller
                           Jeremy Feigelson

                     919 Third Avenue
                     New York, New York 10022
                     (212) 909-6000

                     *Attorneys for Defendant, Counterclaimant,*
                     *and Third-Party Plaintiff Infinity*
                     *Broadcasting Corporation of Washington,*
                     *D.C. n/k/a CBS Radio Inc. of Washington,*
                     *D.C.*