Bruce P. Keller (BK-9300)  ELECTRONICALLY FILED
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff*
*Infinity Broadcasting Corporation of Washington, D.C. n/k/a*
*CBS Radio Inc. of Washington, D.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMUEL L. JONES JR.,                                                    :

      Plaintiff,                                                       :   No. 07 Civ. 5693 (BSJ) (AJP)

  -against-                                                              :

                                                  **MEMORANDUM OF LAW IN**
INFINITY BROADCASTING CORPORATION OF           :   **SUPPORT OF CBS RADIO'S**
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF           **MOTION FOR LEAVE TO**
WASHINGTON, D.C.,                                              :   **FILE AMENDED ANSWER,**
                                                  **COUNTERCLAIMS, AND**
      Defendant.                                                       :   **THIRD-PARTY COMPLAINT**

                                                                 :
------------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF           :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                                              :

      Counterclaimant and Third-Party Plaintiff,    :

  -against-                                                              :

SAMUEL L. JONES JR.,                                           :

      Counterclaim Defendant, and                          :

RADIO ONE, INC.,                                                :

      Third-Party Defendant.                                    x

Defendant, Counterclaimant, and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio"), by its attorneys, Debevoise & Plimpton LLP, respectfully submits this memorandum in support of its motion for an order pursuant to Federal Rules of Civil Procedure 15(a) and 13(f) for leave to file an Amended Answer, Counterclaims and Third-Party Complaint. CBS Radio requested consent to the proposed amendment, but counsel for Radio One and Mr. Jones has advised that they will only consent, if at all, after reviewing the proposed amended pleading. Declaration of Jeremy Feigelson, Aug. 10, 2007, ¶ 2 & Ex. A.

## ARGUMENT

Leave to amend should be granted under the plain language of Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Supreme Court caselaw also supports granting leave here, under the principle that leave should be freely given

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Am. Med. Assoc. v. United Healthcare Corp.*, No. 00 Civ. 2800 (LMM), 2006 WL 3833440 (S.D.N.Y. 2006). Under Rule 13(f) of the Federal Rules of Civil Procedure, a court may allow a party to amend its pleading to assert a counterclaim "when justice so requires." Fed. R. Civ. P. 13(f). "Courts must read Fed. R. Civ. P. 13(f) together with Fed. R. Civ. P. 15(a), which

provides that leave to amend a pleading 'shall be freely given when justice so requires.'" *Gabourel v. Bouchard Transp. Co., Inc.*, 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (listing factors a court should consider in addressing a motion to add a counterclaim, including: (1) whether the counterclaim is compulsory; (2) whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim; (3) whether undue prejudice would result to plaintiff; and (4) whether the counterclaim raises meritorious claims).

CBS Radio's motion to amend the pleadings is clearly timely, as Magistrate Judge Andrew J. Peck's Scheduling Order, dated August 1, 2007, expressly states that "[a]ny motion to . . . amend the pleadings must be made by August 10, 2007." Moreover, this litigation is in the preliminary, pre-discovery stage, CBS Radio has filed no previous amended pleadings and, accordingly, amendment will cause no undue prejudice to either Jones or Radio One. *See Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (in determining prejudice, courts consider "whether the assertion of the new claim . . . would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction").

The proposed amended claims against Jones and Radio One submitted with this motion are meritorious new claims arising out of the same basic transactions and occurrences that formed the basis of CBS Radio's original claims. As such, CBS Radio "ought to be afforded an opportunity to test [these] claims on the merits." *Foman*, 371 U.S. at 182; *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d

774, 783 (2d Cir. 1984) (stating that if the party seeking to amend "has at least colorable grounds for relief, justice . . . requires" that its motion be granted); *Affiliated FM Ins. Co. v. Jou Jou Designs, Inc.*, Nos. 90 Civ. 8262, 96 Civ. 5194, 1997 WL 150139, *3 (S.D.N.Y. Mar. 28, 1997). Jones's breach of CBS Radio's License Agreement, and Radio One's tortious interference causing that breach, also give rise to a claim for trademark infringement, false designation or origin, false representations, and false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as related claims based in state law, including Unfair Competition, Deceptive Acts and Practices, and False Advertising, by causing the false impression that Jones and Radio One's use of the HUGGY LOWDOWN mark is sponsored, approved or endorsed by CBS Radio or its D.C.-area radio station, WPGC-FM, as set forth in the Amended Answer, Counterclaims, and Third-Party Complaint accompanying this motion. Given that these claims arise out of the very same facts as those that form the basis for CBS Radio's original claims, CBS Radio should be afforded the opportunity to assert these claims against Jones and Radio One.

## CONCLUSION

For the reasons stated above, the Court should grant leave to file the Amended Answer, Counterclaims, and Third-Party Complaint.

Dated: New York, New York
      August 10, 2007

DEBEVOISE & PLIMPTON LLP

By: _____/s/ Jeremy Feigelson

Bruce P. Keller
Jeremy Feigelson

919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C.*