ELECTRONICALLY FILED

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)
LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

SAMUEL L. JONES JR.,                                         :
                                                            :    Civil Action No.
                            Plaintiff,                      :    07 CV 5693 (BSJ/AJP)
                                                            :
              -against-                                     :
                                                            :
INFINITY BROADCASTING CORPORATION  :
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.:
OF WASHINGTON, D.C.,                                    :
                                                            :
                            Defendant.                     :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION  :
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.:
OF WASHINGTON, D.C.,                                    :
                                                            :
              Counterclaimant and Third-Party      :
                       Plaintiff,                           :
                                                            :
              -against-                                     :
                                                            :
SAMUEL L. JONES JR.,                                    :
                                                            :
              Counterclaim Defendant, and           :
                                                            :
RADIO ONE, INC.,                                           :
                                                            :
              Third-Party Defendant.                   :
-----------------------------------------------------------------x

## <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

Table of Authorities ................................................................................................................. ii

Preliminary Statement ............................................................................................................. 1

Argument ................................................................................................................................. 1

    COUNTS VI AND VII OF DEFENDANT'S COUNTERCLAIMS ARE FUTILE AND,
    THUS, SHOULD NOT BE ALLOWED ............................................................................. 1

Conclusion .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page No.**

## Cases

Cruz v. Nynex Information Resources, 703 N.Y.S.2d 103 (App. Div. 1st Dep't 2000) ............... 2

Bologna v. Allstate Ins. Co., 138 F.Supp. 2d 310 (E.D.N.Y. 2001) ........................................... 3,4

Feinberg v. Federated Dept. Stores, 832 N.Y.S.2d 760 (Sup. Ct. N.Y. Co. 2007) ........................ 2

Foman v. Davis, 371 U.S. 178 (1962) ....................................................................... 1,4

Goshen v. Mutual Life Ins. Co. of N.Y., 774 N.E.2d 1190 (N.Y. 2002) .................................... 2,3

Leider v. Ralfe, 387 F.Supp.2d 283 (S.D.N.Y. 2005) ........................................................ 3,4

Mountz v. Global Vision Products, Inc., 770 N.Y.S.2d 603 (N.Y. Co. 2003) ............................... 3

Oliveira v. Frito-Lay, Inc., 1997 WL 324042 (S.D.N.Y. 1997) ................................................ 3-4

Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256 (2d Cir. 1995) ..................................... 2

Small v. Lorillard Tobacco Co., Inc., 679 N.Y.S.2d 593 (App. Div. 1st Dep't 1998) .................. 4

U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d 158 (S.D.N.Y. 2001) ............................. 2,3

## Statutes

Fed.R.Civ.P. 15(a) ....................................................................................... 1,4

N.Y. Gen. Bus. § 349(a) .................................................................................. 2,3,4

N.Y. Gen. Bus. Law § 350 ................................................................................. 3,4

**PLAINTIFF'S MEMORNADUM OF LAW IN PARTIAL OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER,
<u>COUNTERCLAIMS AND THIRD-PARTY COMPLAINT</u>**

### <u>Preliminary Statement</u>

Plaintiff does not, of course, dispute the general proposition, set forth in Fed.R.Civ.P. 15(a), that leave to amend a pleading should be freely given in the interest of justice. Nor does plaintiff challenge the timeliness of the proposed amendment. What plaintiff challenges, however, is defendant's <u>ipse</u> <u>dixit</u> (Def. Br., at 3) that each of the proposed new claims is sufficient to satisfy the "merit" standards required by settled law. As shown below, where claims are "futile," the amendment must be denied. Without conceding that any of defendant's proposed new claims are "meritorious," two of such claims, under sections 349 and 350 of New York's General Business Law, are so futile that denial of leave to assert such claims is fully warranted.

### <u>Argument</u>

**COUNTS VI AND VII OF DEFENDANT'S
COUNTERCLAIMS ARE FUTILE AND,
<u>THUS, SHOULD NOT BE ALLOWED</u>**

Granting or denying the amendment is within the discretion of the Court. However, an amendment that is futile should not be allowed. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Inasmuch as Counts VI and VII of the proposed Amended Counterclaims and Third-Party Complaint are futile, leave to amend should be denied.

**Count VI**

Defendant's proposed amendments include a claim (Count VI) for deceptive acts under New York General Business Law section 349. However, such provision only declares deceptive acts that take place in the State of New York to be unlawful. N.Y. Gen. Bus. § 349(a) (2007) ("[d]eceptive acts or practices in the conduct of any business . . . *in this state* are hereby declared unlawful") (emphasis added). "[T]o qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." Goshen v. Mutual Life Ins. Co. of N.Y., 774 N.E.2d 1190, 1195 (N.Y. 2002). However, nowhere in its proposed pleadings does, nor can, defendant properly allege that anything happened in New York state.

Moreover, to successfully assert a section 349 claim, one must show the other party's conduct to be consumer-oriented. Feinberg v. Federated Dept. Stores, 832 N.Y.S.2d 760, 765 (Sup. Ct. N.Y. Co. 2007). The typical violation contemplated by the statute is one where a consumer falls victim to misrepresentations made by a seller of consumer goods. *Id.* Under limited circumstances, a "competitor" may assert a section 349 claim. U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d 158, 176 (S.D.N.Y., 2001); Cruz v. Nynex Information Resources, 703 N.Y.S.2d 103, 107 (App. Div. 1st Dep't 2000) ("the statute's consumer orientation does not preclude its application to disputes between businesses per se, but it does severely limit it"). "The critical question . . . is whether the matter affects the public interest in New York . . . ." Feinberg, 832 N.Y.S.2d at 765 (quoting Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 [2d Cir. 1995] ).

Jones is not a competitor of defendant's; and the Count lacks personal jurisdiction over Radio One. Moreover, even if Radio One were properly a party to this action, there could be no damage shown to have occurred to New York consumers by reason of the actions alleged to have

been taken by plaintiff and Radio One. Thus, the public interest of New York is wholly unaffected by the facts of this case.

Finally, and as an independent basis for denial of the requested amendment, trademark or trade dress infringement claims of the type alleged in the amended pleading fall outside the scope of section 349 (and section 350 discussed below) because there is no public or direct harm to consumers. U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d at 176. Defendant's claims under section 349 (and section 350) are premised on the allegations comprising the trademark claims, which fall outside of the scope of section 349 (and section 350).

**Count VII**

Defendant's claims for false advertising under section 350 of N.Y. Gen. Bus. Law are likewise futile. Just like the section 349 claims, section 350 claims declare unlawful false advertising *in this state*. N.Y. Gen. Bus. Law § 350 (2007) (emphasis added). A substantial part of the underlying transaction must occur in New York State. Mountz v. Global Vision Products, Inc., 770 N.Y.S.2d 603, 608 (N.Y. Co., 2003). The connection to New York must be more than "hatching a scheme 'or originating a marketing campaign in New York.'" *Id*. (quoting Goshen v. Mutual Life Ins. Co. of N.Y., 774 N.E.2d 1190, 1195 (N.Y. 2002) ("the standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349"). Simply put, the alleged deception must have occurred in the state of New York. Leider v. Ralfe, 387 F.Supp.2d 283, 292 (S.D.N.Y. 2005). Defendant has never alleged to have been deceived in New York.

Moreover, although section 350 allows for a private right of action, a party only has standing to sue if it "alleges injury in [its] role as a consumer that affects the public interest." Bologna v. Allstate Ins. Co., 138 F.Supp. 2d 310, 324 (E.D.N.Y. 2001) (quoting Oliveira v.

Frito-Lay, Inc., 1997 WL 324042, at *7 (S.D.N.Y. 1997). None of defendant's allegations of injury involve defendant's role as a consumer. Rather, this case deals with the sort of non-recurring private transaction that has no ramification for the public interest and which is not a proper subject for a claim under section 350. Bologna, 138 F.Supp. 2d at 324.

Lastly, unlike section 349, section 350 requires the claimant to show reliance on the allegedly false advertising. Leider, 387 F.Supp.2d at 292. "Typically, this means that the plaintiff must 'point to [a] specific advertisement or public pronouncement' upon which he or she relied." *Id.* (quoting Small v. Lorillard Tobacco Co., Inc., 679 N.Y.S.2d 593, 600 (App. Div., 1st Dep't 1998). There is nothing in the record to suggest that defendant relied on a particular advertisement.

On the record before us, it would be impossible for defendant to establish these claims. Given such impossibility, these claims are clearly futile, and thus the amendment that defendant seeks under Fed.R.Civ.P. 15(a) must, under the principles enunciated in Foman, be denied in regard to its proposed Counts VI and VII.

## Conclusion

For the foregoing reasons, defendant's motion to amend its counterclaims and Third-Party Complaint should be denied in respect of Counts VI and VII of such pleading.

Dated: New York, New York
         August 23, 2007

                                        Respectfully submitted,

                                        LEBENSFELD BORKER & SUSSMAN LLP

                                        By: _____
                                                 Victor Rivera Jr.

                                        *Attorneys for Plaintiff*