Bruce P. Keller (BK-9300)  ELECTRONICALLY FILED
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff*
*Infinity Broadcasting Corporation of Washington, D.C. n/k/a*
*CBS Radio Inc. of Washington, D.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SAMUEL L. JONES JR.,                                :
                                                                          No. 07 Civ. 5693 (BSJ) (AJP)
      Plaintiff,                                :

   -against-                                         :

INFINITY BROADCASTING CORPORATION OF   :   **REPLY MEMORANDUM IN**
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF          **FURTHER SUPPORT OF**
WASHINGTON, D.C.,                                  :   **MOTION FOR LEAVE TO**
                                                                          **FILE AMENDED ANSWER,**
      Defendant.                              **COUNTERCLAIMS, AND**
                                                                    :   **THIRD-PARTY COMPLAINT**
------------------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF   :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                                  :

     Counterclaimant and Third-Party Plaintiff,   :

   -against-                                         :

SAMUEL L. JONES JR.,
                                                                    :
     Counterclaim Defendant, and
                                                                    :
RADIO ONE, INC.,
                                                                    :
     Third-Party Defendant.
                                                                    x

Table of Contents

Table of Authorities ................................................................................................... ii

I.     DECEPTIVE ACTS OCCURRED IN NEW YORK. ............................................2

II.    CBS RADIO HAS PROPERLY ALLEGED HARM TO CONSUMERS
       AND THE GENERAL LISTENING PUBLIC. ......................................................3

Conclusion .....................................................................................................................5

Table of Authorities

## FEDERAL CASES

Dougherty v. Town of N. Hempstead Board of Zoning Appeals,
 282 F.3d 83 (2d Cir. 2002) ...............................................................................................1

GTFM, Inc. v. Solid Clothing, Inc.,
 215 F. Supp. 2d 273 (S.D.N.Y. 2002) ...............................................................................4

Gross v. Bare Escentuals, Inc.,
 03 Civ. 3089(RLC), 2006 WL 3161386 (S.D.N.Y. Oct. 30, 2006) ..................................4

In re Houbigant,
 914 F. Supp. 964 (S.D.N.Y. 1995) ....................................................................................3

Kassner v. 2nd Avenue Delicatessen Inc.,
 No. 05-4237-cv, 2007 U.S. App. LEXIS 12523 (2d Cir. July 24, 2007) ..........................1

Leider v. Ralfe,
 387 F. Supp. 2d 283 (S.D.N.Y. 2005) ..........................................................................2, 3

Oliveira v. Frito-Lay, Inc.,
 96 Civ. 9289, 1997 WL 324042 (S.D.N.Y. Jun. 13, 1997) ...............................................5

Securitron Magnalock Corp. v. Schnabolk,
 65 F.3d 256 (2d Cir. 1995) ................................................................................................4

Steinway, Inc. v. Ashley,
 01 Civ. 9703 (GEL), 2002 WL 122929 (S.D.N.Y. Jan. 29, 2002) ...................................4

## STATE CASES

Goshen v. Mutual Life Insurance Co. of N.Y.,
 774 N.E.2d 1190 (N.Y. 2002) ...........................................................................................3

Mountz v. Global Vision Products, Inc.,
 770 N.Y.S.2d 603 (N.Y. Sup. Ct. 2003) ...........................................................................3

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,
 647 N.E.2d 741 (N.Y. 1995) .............................................................................................5

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1

**STATE STATUTES**

N.Y. Gen. Bus. Law §§ 349, 350...................................................................................... 1-2

Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio") submits this reply in further support of its Motion for Leave to File an Amended Answer, Counterclaims, and Third-Party Complaint.

Samuel L. Jones ("Jones") has opposed amendments to the Complaint that would add claims against him and Radio One, Inc. ("Radio One") for violating sections 349 and 350 of New York's General Business Law. The opposition is predicated on the contentions that (1) even though Jones now appears daily opposite CBS Radio's Donnie Simpson program on Radio One's Tom Joyner's show, he is not in competition with CBS Radio and (2) neither Jones nor Radio One have committed any acts in New York that would trigger application of New York law. Pl. Mem., Aug. 23, 2007, at 2-3. Both assertions are demonstrably incorrect and defy common sense.

On this motion the Court must "accept as true all facts alleged" by CBS Radio in support of its counterclaims and third-party complaint ("CBS Radio Am. Claims"), and "draw all reasonable inferences in favor of" CBS Radio. *See Kassner v. 2nd Ave. Delicatessen Inc.*, No. 05-4237-cv, 2007 U.S. App. LEXIS 17523, at *8, 16 (2d Cir. July 24, 2007) (factual allegations are sufficient if they "raise a right to relief above the speculative level") (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87-88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a propose claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

CBS Radio's allegations easily state a claim under Sections 349 and 350 of the New York General Business Law. These statutes make unlawful "deceptive acts or

practices in the conduct of any business" and "[f]alse advertising in the conduct of any business" in New York.  *See* N.Y. Gen. Bus. Law §§ 349, 350.  CBS Radio has alleged that Jones and Radio One engaged in a consumer-oriented act or practice in New York that is materially deceptive or misleading and that CBS Radio suffered injury as a result.  *See* CBS Radio Am. Claims ¶¶ 39-63.  That is enough.  *See In re Houbigant*, 914 F. Supp. 964, 983 (S.D.N.Y. 1995).

## Argument

**I.      DECEPTIVE ACTS OCCURRED IN NEW YORK.**

The Tom Joyner Morning Show, including Jones' and Radio One's misleading use of the HUGGY LOWDOWN mark, is heard by the listening public in New York.  *See* Declaration of Bruce P. Keller, Aug. 23, 2007 ("Keller 8/23 Decl.") Ex. 13.  CBS Radio's proposed amended pleading alleges that the misleading use of the HUGGY LOWDOWN mark on broadcasts of the Tom Joyner Morning Show is likely to deceive and confuse consumers who hear those broadcasts.  CBS Radio Am. Claims ¶¶ 41, 42, 48.  These consumers include those who hear the Tom Joyner Morning Show in New York state.  *See* Keller 8/23 Decl. Ex. 13.  CBS Radio, the aggrieved party, has its principal place of business in New York and suffered injury in New York, *see* Jones Am. Compl. ¶ 5, while the License Agreement between Jones and CBS Radio is governed by the laws of New York.  *See* Declaration of Marissa M. Grimes, Jul. 20, 2007 Ex. 1.  Those facts, if proven, establish a substantial New York connection to this dispute.

Jones' cases do not require dismissal. *Goshen* involved "no tangible tie" to New York, *Leider v. Ralfe*, 387 F. Supp. 2d 283, 294 (S.D.N.Y. 2005) (distinguishing *Goshen*). Instead, the question presented there was whether "hatching a scheme" in New York "in and of itself constitute[s] an actionable deceptive act or practice under the statute." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002). CBS Radio has alleged far more than that Jones and Radio One have "hatch[ed] a scheme" in New York. The Tom Joyner Morning Show, with Jones' performances, is broadcast into New York state and heard by New York consumers. This conduct injures New York state residents and CBS Radio, which has its principal place of business in New York.

The other cases that Jones cites are equally unavailing. *See Mountz v. Global Vision Prods., Inc.*, 770 N.Y.S.2d 603, 608 (N.Y. Sup. Ct. 2003) (permitting claims by New York claimant that alleges deception in New York, but dismissing claims of out-of-state plaintiffs who allege "no consumer action or contact occurring in New York"); *Leider*, 387 F. Supp. 2d at 294 (finding sufficient allegation of New York transactions where plaintiffs alleged nationwide conduct and advertisements occurring partially, but not entirely, in New York).

## II. CBS RADIO HAS PROPERLY ALLEGED HARM TO CONSUMERS AND THE GENERAL LISTENING PUBLIC.

CBS Radio plainly has standing under Section 349 and 350 because Jones' and Radio One's deceptive practices "involve a public harm." *See Houbigant*, 914 F. Supp. at 983-84 (allegations of scheme to sell infringing goods with the intent to cause confusion and mistake and to deceive consumers as to source and origin of products

3

stated a claim under sections 349 and 350). When a competitor relies on consumer confusion to better its position in the marketplace, that can amount to the type of public harm actionable under New York's consumer protection statute. *See Gross v. Bare Escentuals, Inc.*, 03 Civ. 3089(RLC), 2006 WL 3161386, at *3 (S.D.N.Y. Oct. 30, 2006); *GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273, 301-02 (S.D.N.Y. 2002).

CBS Radio has alleged facts establishing that harm. CBS Radio Am. Claims ¶¶ 41, 42, 48. The same allegations also support CBS Radio's claim under section 43(a) of the Lanham Act, which Jones does not challenge, even though New York General Business Law sections 349 and 350 are governed by similar substantive standards as section 43(a). *See Steinway, Inc. v. Ashley*, 01 Civ. 9703 (GEL), 2002 WL 122929, at *2 (S.D.N.Y. Jan. 29, 2002) (denying motion to dismiss section 349 claim and finding allegations sufficient to support both federal and state unfair competition claims); *see also Krasnyi Oktyabr, Inc. v. Trilini Imports*, CV-05-5359, 2007 WL 1017620, at *12 (E.D.N.Y. Mar. 30, 2007) ("The standards for deceptive business practices under section 349 . . . are substantively identical to those for false advertising under section 350.") (citations omitted).

Jones errs when he suggests that CBS Radio must allege that it suffered an injury in its role as a consumer. "The critical question . . . is whether the matter affects the public interest in New York, not whether suit is brought by a consumer or a competitor." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (rejecting the contention that the claimant in that case, a business competitor of the defendant, lacked standing to assert a section 349 claim). The law requires only that the conduct in

question be "consumer-oriented" in the sense that it "potentially affect[s] similarly situated consumers." *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995), *as cited by Oliveira v. Frito-Lay, Inc.*, 96 Civ. 9289, 1997 WL 324042, at *7 (S.D.N.Y. Jun. 13, 1997). CBS Radio meets the consumer-oriented requirement because the radio broadcasts using the HUGGY LOWDOWN mark "are not unique to these two parties, nor were they private in nature or a 'single shot transaction.'" *Oswego*, 647 N.E.2d at 745.

## **Conclusion**

For the reasons stated above, the Court should grant CBS Radio's motion for leave to file an amended answer, counterclaims, and third-party complaint.

Dated: New York, New York
      August 30, 2007            DEBEVOISE & PLIMPTON LLP

                                         By: ___/s/ Bruce P. Keller_____
                                               Bruce P. Keller
                                               Jeremy Feigelson

                                        919 Third Avenue
                                        New York, New York 10022
                                        (212) 909-6000

                                        *Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C.*