ELECTRONICALLY FILED

LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
SAMUEL L. JONES JR.,                                        :
                                                            :    Civil Action No.
                          Plaintiff,                        :    07 CV 5693 (BSJ/AJP)
                                                            :
              -against-                                     :
                                                            :
INFINITY BROADCASTING CORPORATION                           :    PLAINTIFF'S REPLY BRIEF IN
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.                    :    SUPPORT OF HIS MOTION TO
OF WASHINGTON, D.C.,                                        :    VACATE OR MODIFY THE
                                                            :    RESTRAINTS IN THE
                          Defendant.                        :    AMENDED PRELIMINARY
-----------------------------------------------------------------x   INJUNCTION


-----------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION                           :
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.                    :
OF WASHINGTON, D.C.,                                        :
                                                            :
       Counterclaimant and Third-Party                      :
              Plaintiff,                                    :
                                                            :
              -against-                                     :
                                                            :
SAMUEL L. JONES JR.,                                        :
                                                            :
       Counterclaim Defendant, and                          :
                                                            :
RADIO ONE, INC.,                                            :
                                                            :
       Third-Party Defendant.                               :
-----------------------------------------------------------------x


# TABLE OF CONTENTS

**PAGE**

Introduction ............................................................................................................... 1

    I.     IT IS NOW INDISPUTEDLY SETTLED THAT THE
          OPTION TO RENEW WAS UNTIMELY EXERCISED ............................. 1

    II.    THE INCREASE IN JONES' COMPENSATION
          DURING THE "RENEWAL TERM" PRECLUDES A FINDING
          THAT THE PERSONAL SERVICES CONTRACT WAS
          RENEWED EITHER BY IMPLICATION OR BY COURSE
          OF CONDUCT ............................................................................................... 1

    III.   IF THE AMENDED PRELIMINARY INJUNCTION
          IS NOT VACATED, IT MUST BE MODIFIED ........................................... 3

Conclusion ................................................................................................................. 7

## Introduction

We will address CBS Radio's motion for contempt in our responsive papers to such motion due September 7, 2007. The filing of the contempt motion -- and combining arguments on such motion with CBS Radio's opposition to Radio One's motions to dismiss for lack of personal jurisdiction and motion to vacate or modify the preliminary injunction -- is intended to divert the Court's attention from (1) the necessary concession that the renewal notice indisputedly was untimely and (2) settled New York law, unaddressed by the Court, that the increase in Jones' compensation during the "renewal period" precludes a finding that the personal services contract was renewed either by implication or by course of conduct.

### I.

### IT IS NOW INDISPUTEDLY SETTLED THAT THE OPTION TO RENEW WAS UNTIMELY EXERCISED

In our moving Brief, we noted (at 1) that "[h]aving been transmitted by Certified Mail, Return Receipt Requested, Mr. Jones' signature on the Return Receipt, together with proof of mailing on April 28, 2006, should have been in the possession of CBS Radio." CBS Radio's "response," namely, that "the notice may have been shipped later" (CBS Br., at 10), confirms the fact that the notice was untimely and, at a minimum, strongly suggests that CBS was well aware of the fact when it asserted, to Jones and the Court, that the notice was timely.

### II.

### THE INCREASE IN JONES' COMPENSATION DURING THE "RENEWAL TERM" PRECLUDES A FINDING THAT THE PERSONAL SERVICES CONTRACT WAS RENEWED EITHER BY IMPLICATION OR BY COURSE OF CONDUCT

CBS Radio characterizes the 13% increase in compensation as a "modest increase in pay." CBS Br., at 8. From the perspective of an individual of limited means making $23,000

annually, such "modest" increase represents a raise of 13%. More fundamentally, from an analytical standpoint, the concept of renewal has to mean more than that a relationship continued. Certainly, Jones continued to work after the expiration of the 1-year term of the personal services contract just as he had during and, most significantly, prior to the commencement of the term of such contract. However, to read into such continuation of employment the extension of the term of the exclusive license is simply inconsistent with the teachings of L.M. Rabinowitz & Co. v. Dasher, 82 N.Y.S.2d 431, 441 (Sup. Ct. N.Y. Co. 1948) ("Rabinowitz"); Bessette v. Niles, 803 N.Y.S.2d 837 (App. Div. 4th Dep't 2005) ("Bessette"); and Martin v. Campanero, 156 F.2d 127, 129 (2d Cir.), cert. denied, 329 U.S. 759 (1946).

At issue in Rabinowitz, like that bar, was a restrictive covenant. The Court held that it expired in accordance with the contract terms notwithstanding the continuation of the parties' relationship. Such restrictive covenant and the governing documents, like those involved here, were drafted by the employer's attorneys without the employee's having been given any legal advice. Rabinowitz, 82 N.Y.S.2d at 440. The fact that Jones is not barred from "employment" but "only" from use on radio of his signature character does not make Rabinowitz analytically different. When the economic terms are changed, as in the case at bar, it should require a showing substantially more than that made by CBS Radio to even suggest that Jones accepted a renewal of the personal service contract and the restrictions therein.

Along such lines, contrary to CBS Radio's spin on Jones' testimony (CBS Br., at 9), the "increased compensation" had nothing to do with whether Jones was "free to leave" (id.) or a "free agent." Jones was not a "free agent" after May 25, 2006 because he could not use his signature character in the Washington, D.C. radio market until the expiration of the 1-year post-expiration restriction, the date of which was May 25 (or May 26), 2007. Jones was only a free

2

agent commencing May 25, 2007, and he recognized that freedom when signed his contract with Radio One two weeks later (on June 11, 2007).

CBS Radio's attempted distinctions (CBS Br., at 9) of Rabinowitz, Bessette and Martin v. Campanero simply do not pass muster. The factual situation here is much more closely akin to those in the foregoing cases than to the situations in Bank of New York and Watts.[1] And our distinctions of those cases (Moving Br., at 7-8) tellingly go without comment by CBS Radio.

Perhaps, as CBS Radio asserts (CBS Br., at 9), the Court considered, and rejected, the foregoing facts and authorities. Contrary to CBS Radio's views (CBS Br., at 9), however, there is nothing in the transcript of the decision that would warrant such determination. The result of the Court's decision is the functional equivalent of the imposition of significant post-termination restrictions on a former employee on the basis of conduct subsequent to May 2006 that is at least as readily explainable by the continuation of the restrictive period through May 2007 as it is on the basis of any of the self-serving theories postulated by CBS Radio. In all events, if the essence of the Court's ruling is that it considered and rejected the foregoing facts and law, Jones (and any reviewing Court) should be so informed.

### III.

### IF THE AMENDED PRELIMINARY INJUNCTION IS NOT VACATED, IT MUST BE MODIFIED

In moving to modify the Amended Order dated July 27, 2007 ("P.I. Order"), we presented the view of two promoters to the effect that, unless the P.I. Order is clarified, "Jones

---

[1] Bank of New York v. Ulster Heights Properties, Inc., 114 A.D.2d 431, 494 N.Y.S.2d 345 (2d Dep't 1985); Watts v. Columbia Artists Mgt., 188 A.D.2d 799, 591 N.Y.S.2d 234 (3d Dep't 1992).

3

will be prevented from any personal appearances in the one region he is popular throughout the time period the restraints remain in effect. Richards Decl., ¶4; Thomas Decl., ¶3." Moving Br., at 10. Now that one scheduled personal appearance -- the Comedy Throwdown at the Hyatt Regency on September 8, 2007 -- has been cancelled, CBS Radio, with a straight face, urges the denial of the motion to modify on the basis of its being "moot." CBS Br., at 7. We, too, would urge the denial of such alternative relief on grounds of mootness, but <u>only if</u> the P.I. Order is vacated in its entirety. If not, it must be modified.

The relevant facts are:

- Personal appearances at clubs or theatres by topical comedians such as Huggy Lowdown will be successful only if properly promoted. Thomas Reply Decl., ¶2.[2]

- A successful promotion must include radio spots intended for the targeted audience. <u>Id</u>.

- Typically, such spots include "sound bites" from the show's headliners -- so that the audience knows what to expect. <u>Id</u>., ¶ 3.

- The cancellation of the September 8 Comedy Throwdown was necessitated by the fact that a radio promotion acceptable to CBS Radio -- using "sound bites" from one of Jones' comedy routines -- could not be accomplished within a reasonable time frame. <u>Id</u>., ¶¶ 1, 3.

- A personal appearance by Jones in the Washington, D.C. area, in his

---

[2] Reference to "Thomas Reply Decl." is to the Reply Declaration of Everestus Thomas, executed August 30, 2007.

4

Huggy Lowdown character, is planned for October 2007. Id., ¶6. A radio promotion of such show with sound bites from the character, on the two Radio One stations (WPGC and WMMJ) or on CBS Radio's WPGC, is considered essential for the success of any such show. Id.

\* \* \*

The License Agreement (¶1) provides WPGC with an exclusive license to use the HUGGY LOWDOWN trademark "in and in connection with radio programs . . . in the Washington D.C. Total Survey Area." By its counterclaims, CBS Radio seeks to enforce such provision.

On its face, such provision in the License Agreement cannot be read to prohibit the type of promotion necessary for the successful appearance by Jones in local venues. However, the language of the P.I. Order is much broader than the language of the contractual provisions. Such language reads, in relevant part, as follows:

> Pursuant to Federal Rule of Civil Procedure 65(b), <u>Jones and Radio One</u>, and all those acting in concern or participation with them, <u>are preliminary enjoined, until May 26, 2008</u>, from using the HUGGY LOWDOWN mark on any radio broadcast transmitted within the Washington, D.C. Total Survey Area, as defined by the Arbitron ratings service, or <u>from using the HUGGY LOWDOWN mark in any media to promote directly **or indirectly** any such radio broadcast</u> within the Washington, D.C. Total Survey Area.

Emphasis added.

The foregoing language can be interpreted to prohibit the type of promotion considered necessary to make personal appearances by Jones successful. As matters now stand, unless Jones and his promoters consent to CBS Radio's writing promotions for Jones' personal appearances, such advertising may be subject to CBS Radio's notion of what constitutes an

5

"indirect" promotion of the Joyner Show. In consequence, any would be promoters, Jones and Radio One would have to promote Jones' personal appearances on the radio at their peril.

Jones has already lost one promoter as a result of CBS Radio's conduct.[3] Jones should not further be prevented from appearing at successful shows during the pendency of this case. It is thus necessary for the P.I. Order to be modified by the deletion of the phrase "or indirectly" (highlighted above). Alternatively, if the phrase "or indirectly" remains, a clarifying sentence must be added, to wit: "Nothing herein is intended to enjoin Jones or Radio One from promoting personal appearances of HUGGY LOWDOWN on radio broadcasts in and from the Washington, D.C. Total Market Area by the use of appropriate 'sound bites' from Jones or otherwise."

---

[3] Richards, who reportedly has been barred by CBS Radio from placing any paid advertisements on WPGC, has declined to promote further personal appearances by Jones during the pendency of this case unless clarification is obtained of the permissible promotions under the P.I. Order. Thomas Reply Decl., ¶5.

## Conclusion

For all of the foregoing reasons, and those set forth in our moving papers, the Amended Preliminary Injunction should be vacated. In the alternative, if not so vacated, it should be modified in the manner set forth above.

Dated: New York, New York
August 30, 2007

                        Respectfully Submitted,

                        **LEBENSFELD BORKER SUSSMAN & SHARON LLP**

                        By: /s/ Victor Rivera Jr.
                              Victor Rivera Jr. (VR-5693)
                              2 Penn Plaza, Suite 1980
                              New York, New York 10121
                              Tel: (212) 594-2030
                              Fax: (212) 594-6875
                              Attorneys for Plaintiff

Of Counsel:
   Stephen Sussman