ELECTRONICALLY FILED

LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)

*Attorneys for Third-Party Defendant, Radio One, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMUEL L. JONES JR.,                       :
                                           :  Civil Action No.
                    Plaintiff,             :  07 CV 5693 (BSJ/AJP)
                                           :
        -against-                          :
                                           :
INFINITY BROADCASTING CORPORATION          :  REPLY MEMORANDUM OF
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.   :  LAW IN FURTHER SUPPORT
OF WASHINGTON, D.C.,                       :  OF RADIO ONE, INC.'S
                                           :  MOTION TO DISMISS FOR
                    Defendant.             :  LACK OF PERSONAL
------------------------------------------------------------x  JURISDICTION AND TO
------------------------------------------------------------x  MODIFY THE AMENDED
INFINITY BROADCASTING CORPORATION          :  <u>PRELIMINARY INJUNCTION</u>
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.   :
OF WASHINGTON, D.C.,                       :
                                           :
        Counterclaimant and Third-Party    :
                    Plaintiff,             :
                                           :
        -against-                          :
                                           :
SAMUEL L. JONES JR.,                       :
                                           :
        Counterclaim Defendant, and        :
                                           :
RADIO ONE, INC.,                           :
                                           :
        Third-Party Defendant.             :
------------------------------------------------------------x

# TABLE OF CONTENTS

**PAGE**

Table of Authorities ........................................................................................................ ii

I.      THERE IS NO PERSONAL JURISDICTION OVER
RADIO ONE ................................................................................. 1

      A.     Radio One's Mere Retention of Counsel For
Plaintiff Does Not Create Jurisdiction Over It ................... 2

      B.     Jones and his Attorneys are not Radio One's
Agents for the Purpose of Establishing Jurisdiction .............. 4

      C.     Radio One Is Not Doing Business in New York ................... 6

      D.     CBS Radio Is Not Entitled To Discovery ............................. 10

II.     THE AMENDED PRELIMINARY INJUNCTION
MUST BE MODIFIED .................................................................. 11

Conclusion ................................................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*Ainbinder v. Potter*, 282 F.Supp.2d 180 (S.D.N.Y. 2003) .................................................. 3, 4

*Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194 (2d Cir. 1990) .................................. 6

*Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2d Cir. 1983) .................................. 2, 5

*Bensusan Restaurant Corp. v. King*, 126 F.3d 25 (2d Cir. 1997) ...................................... 8

*Carroll v. Kahn*, 2003 WL 22327299 (N.D.N.Y. 2003) ..................................................... 1

*Colucci & Umans v. 1 Mark, Inc.*, 224 A.D.2d 243 (1st Dep't 1996) ................................ 3

*Delagi v. Volkswagenwerk AG of Wolfsburg, Germany*, 29 N.Y.2d 426 (1972) ......... 8-9

*Fischbarg v. Doucet*, 38 A.D.3d 270 (1st Dep't 2007) ....................................................... 3

*Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 WL 1500896 (S.D.N.Y. 2005) ........... *passim*

*Int'l Shoe Co. v. State of Washington*, 326 U.S. 310 (1945) ............................................... 6

*Jacobs v. Felix Bloch Erben Verlagfur Buhne Film und Funk KG*,
    160 F. Supp.2d 722 (S.D.N.Y. 2001) ............................................................................. 6

*Janzini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) ......................................... 6

*Kaczorowski v. Black & Adams*, 293 A.D.2d 358 (1st Dep't 2002) ................................... 3

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
    918 F.2d 1039 (2d Cir. 1990) ........................................................................................ 7

*Laufer v. Ostrow*, 55 N.Y.2d 305 (1982) ............................................................................ 6

*Mantello v. Hall*, 947 F. Supp. 92 (S.D.N.Y. 1996) ........................................................... 7

*Plunkett v. Doyle*, 2001 WL 175252 2001 (S.D.N.Y. 2001) ......................................... 10-11

*Pompeo Roa Realuyo v. Villa Abrille*, 2003 WL 21537754 (S.D.N.Y. 2003) .................... 8

*Singer v. Bell*, 585 F. Supp. 300 (S.D.N.Y. 1984) ............................................................. 10

*Stein v. Microelectronic Packaging, Inc.*, 1999 WL 540443 (S.D.N.Y. 1999) ................ 2, 4

*Teachers Ins. & Annuity Ass'n of America v. Butler*,
    592 F. Supp. 1097 (S.D.N.Y. 1984) .......................................................................... 5, 6

*Telebyte, Inc.* v. *Kendaco, Inc.*, 105 F. Supp.2d 131 (E.D.N.Y. 2000) ............................ 8

*Thermoid Co. v. Fabel*, 4 N.Y.2d 494 (1958) .................................................................. 10

*Traub v. Robertson-American Corp.*, 82 Misc.2d 222
    (Sup. Ct., Nassau Co., 1975) ..................................................................................... 5

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
    751 F.2d 117 (2d Cir. 1984) .............................................................................. 9, n.3&4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969) ............................ 11


**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1, 11


**NEW YORK STATUTES**

CPLR 301 ............................................................................................................................ 6

CPLR 302 ............................................................................................................................ 6

CPLR 302(a)(1) ............................................................................................................... 2, 4

Radio One[1] submits this reply memorandum in further support of its motions for dismissal of the Complaint as against it for lack of personal jurisdiction and to modify the Amended Preliminary Injunction to delete reference to Radio One. The relevant facts are set forth in the accompanying Reply Declaration of Linda J. Vilardo, dated August 30, 2007 ("Vilardo 8/30 Decl.") and the previously submitted Declaration of Linda Vilardo, dated August 8, 2007 ("Vilardo 8/8 Decl.").

## I.

## THERE IS NO PERSONAL JURISDICTION OVER RADIO ONE

To survive a motion to dismiss under Rule 12(b)(2), CBS Radio was obligated to allege specific jurisdictional facts that, if proven, would support the exercise of jurisdiction under the CPLR. *Mantello v. Hall*, 947 F. Supp. 92, 96 (S.D.N.Y. 1996); *see also Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 WL 1500896, at *2 (S.D.N.Y. 2005); *Carroll v. Kahn*, 2003 WL 22327299, at *2-3 (N.D.N.Y. 2003). Its allegations, however, consist mainly of *ad hominem* attacks on the credibility of Radio One. The sole jurisdictional "facts" alleged in CBS Radio's Complaint are that Radio One is a Delaware corporation with its offices in Lanham, Maryland (¶ 9); and that Radio One tortiously interfered with CBS Radio's contract with Jones, a Washington, D.C. resident, by negotiating with him to appear on WMMJ-FM, a Washington, D.C.-based radio station (¶ 36).

Knowing that its Complaint falls far short of the jurisdictional target, CBS Radio now bases its opposition to dismissal on additional "facts" that attempt to (1) convert Radio One's payment of plaintiff's legal fees in this action into the primary contact upon which jurisdiction should be based and (2) amplify, but in no way contradict, the types of minimal and

---

[1] Defined terms herein are as set forth in Radio One's August 23, 2007 moving brief.

inconsequential contacts (already set forth in Radio One's moving papers) Radio One has had with New York. Neither of these attempts to create jurisdiction out of thin air can withstand scrutiny.

A.  Radio One's Mere Retention of Counsel For
    Plaintiff Does Not Create Jurisdiction Over It

Jurisdiction is proper under CPLR 302(a)(1) only when (1) the party over whom jurisdiction is sought has transacted business in New York; and (2) the cause of action arises out of the subject matter of the transacted business. *Stein v. Microelectronic Packaging, Inc.*, 1999 WL 540443 at *4 (S.D.N.Y. 1999). Transacting business in New York requires a non-domiciliary to "'purposefully avail [ ] itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws'". *Id.* (quoting cases). In determining whether jurisdiction lies, a court looks to the totality of the circumstances to make this determination, and it is the "nature and quality," not the amount, of contacts that matter. *Id.* at *4. "'A claim "arises out of" a defendant's transaction of business in New York' when there is a "substantial nexus" between the business transacted and the cause of action." *Id.* at *5. Where a preliminary injunction is sought, the party asserting jurisdiction must make out more than a *prima facie* case of jurisdiction. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir. 1983). No such jurisdiction should be found here.

The cases cited by CBS Radio (CBS Radio Br. at 13) for the proposition that the retention of an attorney based in New York is a sufficient transaction upon which to base jurisdiction do not support jurisdiction herein.

2

*Fischbarg v. Doucet*, 38 A.D.3d 270 (1st Dep't 2007), was an action to recover fees where plaintiff was an attorney who had previously been retained by defendants. In support of its finding of jurisdiction, the *Fischbarg* Court expressly found:

> that the present action was brought to obtain payment for services rendered by plaintiff in the very matter in connection with which plaintiff was solicited and retained by defendant . . . .

*Fischbarg*, 38 A.D.3d at 274 (*quoting Kaczorowski v. Black & Adams*, 293 A.D.2d 358 [1st Dep't 2002]).

Similarly, in *Colucci & Umans v. 1 Mark, Inc.*, 224 A.D.2d 243 (1st Dep't 1996), the action was "to recover a legal fee in connection with plaintiff's representation of defendants in a Federal court action in New York." 224 A.D.2d at 243.

Both *Fischbarg* and *Colucci* stand for the proposition that the retention of a New York-based attorney will support jurisdiction in an action brought by that attorney to recover fees for his or her services. Nothing more. The instant action, of course, is not such an action and CBS Radio cannot transform *Fischbarg* and *Colucci* into precedents for a principle for which they do not stand. Simply, there is no "substantial nexus" between the mere retention by Radio One of New York-based attorneys and the actions complained of here.

CBS Radio also cites *Ainbinder v. Potter*, 282 F.Supp.2d 180, 187 (S.D.N.Y. 2003), as support for its proposition that Radio One's retention of counsel for Jones pursuant to his Employment Agreement is part of a continuous course of conduct arising out of the Radio One's alleged tortious conduct (CBS Radio Br. at 14). Such case, however, is plainly distinguishable. *Ainbinder* has nothing to do with a course of conduct, but rather deals with the question of whether two agreements (one of which contained a consent to jurisdiction) should be read together for purposes of determining if jurisdiction lies. 282 F. Supp.2d at 185. Here, the course of conduct between Radio One and Jones, if any could be inferred, related to the

Employment Agreement, not to the prior License Agreement between Jones and CBS Radio. The Employment Agreement cannot be read as "part of the same transaction" as the License Agreement and Radio One's entry into the Employment Agreement did not magically transmute Jones' consent to jurisdiction in the License Agreement into a consent for Radio One. Nor does anything in *Ainbinder* mandate such finding.

CBS Radio's other claimed business transactions by Radio One in New York (CBS Radio Br. at 12), fail both prongs of the CPLR 302(a)(1) test.

First, CBS Radio claims that the Employment Agreement "expressly anticipates this litigation." CBS Radio Br. at 12. This is not accurate. Although the Agreement does anticipate the **possibility** of litigation with CBS Radio, it makes no mention of where this litigation would take place. Employment Agreement, ¶ 15.1. Second, every other transaction alleged (CBS Radio Br. at 12-13) relates to Radio One's retention of New York attorneys. As discussed, above, however, these transactions, in addition to not being significant, bear no substantial nexus with the breaches alleged by CBS Radio.

*Stein*, 1999 WL 540443, is instructive. *Stein* dealt with claims for breach of contract and tortious interference. 1999 WL 540443, at *5. There the Court noted that the only transactions relevant to the claims asserted were (1) the negotiation of the contract; (2) the encouragement to breach (if any); and (3) the breach, all of which occurred outside of New York. *Id.* Similarly, in the instant case, all of the relevant acts occurred outside New York (in the Maryland and the District of Columbia) and personal jurisdiction over CBS Radio does not lie.

**B.    Jones and his Attorneys are not Radio One's
       <u>Agents for the Purpose of Establishing Jurisdiction</u>**

CBS Radio's arguments that Jones and/or his attorneys are acting as Radio One's agents in New York through their appearance and prosecution of the instant case are grossly

4

misdirected.

Establishing agency for the purpose of long-arm jurisdiction is not the same as merely demonstrating a common law agency. *See Traub v. Robertson-American Corp.*, 82 Misc.2d 222 (Sup. Ct., Nassau Co., 1975) ("common law precepts of agency are not conclusive in determining whether a particular operative is an 'agent' for purposes of [CPLR 302(a)(1)]"). Rather, under the long-arm statute, the alleged agent must have engaged in purposeful activities in this State for the benefit of and with the knowledge and consent of the non-domiciliary and the non-domiciliary must exercise some element of control over the agent. *Teachers Ins. & Annuity Ass'n of America v. Butler*, 592 F. Supp. 1097, 1101 (S.D.N.Y. 1984). CBS Radio cannot hope to meet this burden.

In *Teachers Ins.*, a case cited prominently by CBS Radio (CBS Radio Br. at 13), the agent through which jurisdiction was obtained had sought to secure financing for the principal, a relationship from which the agent stood to gain nothing. Indeed, the agent's actions could only have been deemed to have benefited the principal. This is not true here. Consistent with his representations to Radio One in his Employment Agreement concerning the lack of restriction on his activities, Jones has obvious, significant and independent reasons for pursuing his legal claims against CBS Radio.

As CBS must prove jurisdiction by a preponderance of the evidence, merely alleging that Radio One controlled the litigation is insufficient. *Beacon Enterprises*, 715 F.2d at 768. However, they cannot truthfully allege more than that because Jones acted in his own interests when he brought suit in New York to seek a declaration that the License Agreement had not been properly renewed and was thereby ineffective to prevent him from using his "HUGGY LOWDOWN" on the radio in the Washington, D.C. market. Thus, even though Radio One may

5

also have stood to benefit from such declaration, the situation is very different from that in *Teachers Ins.*

C.  **Radio One Is Not Doing Business In New York.**

Significantly, CBS Radio asserted only CPLR 302 as the basis for jurisdiction in its Complaint. However, as shown in Radio One's moving brief, the specific contacts alleged by CBS Radio are inadequate to confer jurisdiction. That CBS Radio has no basis for distinguishing these controlling cases is clear from the fact that it does not even mention, let alone discuss, them in its opposing brief. CBS now changes course and attempts to craft an argument that CPLR 301 applies because Radio One allegedly "does business" in New York. This argument is as specious as the first.

Under CPLR 301, a foreign corporation may be amenable to suit in New York if it engages in such a continuing and systematic course of business that it can be said to be "doing business" within the State. *See Janzini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). To find that a foreign corporation is doing business in New York, however, the "quality and nature of the [defendant's] contacts with the State [must be] sufficient to make it reasonable and just according to 'traditional notions of fair play and substantial justice' that it be required to defend the action here." *See Laufer v. Ostrow*, 55 N.Y.2d 305, 310 (1982) (*quoting Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 320 [1945]). This standard is strictly applied because a defendant found to be doing business in the State "may be sued in New York on causes of action wholly unrelated to the acts done in New York." *See Jacobs v. Felix Bloch Erben Verlagfur Buhne Film und Funk KG*, 160 F. Supp.2d 722, 731 (S.D.N.Y. 2001) (*quoting Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194, 198 [2d Cir. 1990]); *see also Freeplay*, 2005 WL 1500896, at *2.

6

Significantly, in *Freeplay Music*, CBS Radio's current counsel successfully argued that its then client, Beasley Broadcast Group, Inc. ("Beasley"), a radio station with no physical presence in New York, was not subject to general or long-arm jurisdiction despite allegations that (1) Beasley's programs were simulcast over the Internet and available in New York, (2) Beasley syndicated New York radio shows, (3) Beasley executives travelled to New York frequently, (4) New York corporations advertised on Beasley radio stations, (5) Beasley paid fees to New York-based performing rights societies and (6) Beasley had significant contacts, and had funding relationships, with New York-based banks. 2005 WL 1500896, at *1-2. The contrast to the positions taken by CBS Radio's counsel in *Freeplay Music* and the instant case certainly puts into question the legitimacy of CBS Radio's attempted assertion of personal jurisdiction over Radio One.

As shown in its Moving Brief, Radio One meets none of the traditional indicia of doing business in New York: (1) it does not have an office in New York; (2) it does not regularly solicit business in New York; (3) it has no property or bank accounts in New York; and (4) it has no employees in New York. Vilardo 8/8 Decl., ¶ 7; Vilardo 8/30 Decl., ¶ 9; *see Freeplay Music*, 2005 WL 1500896, at *3. Thus, more contacts which are "not occasional[] or casual[], but with a fair measure of permanence and continuity" must be alleged by CBS Radio. *Id.*, 2005 WL 1500896, at *2 (*quoting Mantello* v. *Hall*, 947 F. Supp. 92, 97 [S.D.N.Y. 1996] and *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 [2d Cir. 1990]).

In the instant case, CBS Radio points to four (4) contacts to demonstrate Radio One's alleged "continuous and systematic" presence in New York: (1) the uploading of the Tom Joyner Morning Show ("TJMS") to the internet for broadcast (Declaration of Bruce P. Keller, Esq., dated August 23, 2007 ["Keller Decl."], ¶ 11), (2) Radio One's ownership of GIANT

7

Magazine ("GIANT"), which is published in New York (*id.*, ¶¶ 11, 14, 16), (3) Radio One's ownership of an interest in TV One, LLC ("TV One"), which maintains a sales office in New York (*id.*, ¶¶ 14, 15) and (4) the broadcast of TJMS on two radio stations in Syracuse and Buffalo, New York (*id*, ¶¶ 17, Exh. 13). None of these contacts, however, is relevant or significant, individually or collectively.[2]

With regard to the availability of TJMS over the Internet, jurisdiction over Radio One is not proper merely because the show can be accessed over the Internet. *See, e.g., Bensusan Restaurant Corp. v. King,* 126 F.3d 25 (2d Cir. 1997) (maintenance of a website in a distant state that was accessible in New York does not subject defendant to jurisdiction in New York); *Pompeo Roa Realuyo v. Villa Abrille,* 2003 WL 21537754, at *7 (S.D.N.Y. 2003) (maintenance of a website accessible in New York does not confer general jurisdiction); *Telebyte, Inc. v. Kendaco, Inc.,* 105 F. Supp.2d 131, 134 (E.D.N.Y. 2000) (maintenance of a website outside of New York does not alone confer long-arm jurisdiction under New York law). CBS Radio's counsel well knows this. *Freeplay Music,* 2005 WL 1500896, at *5-6. Consequently, the first "contact" is of no import.

With regard to the second "contact," Radio One owns Magazine One, Inc. ("Magazine One"), a Delaware corporation with a principal place of business in Maryland and which publishes GIANT out of offices in New York. Under well-established principles of New York law, however, Magazine One is entitled to a presumption of separateness and the corporate veil between Radio One and Magazine One cannot be pierced absent a showing that Magazine One is a mere instrumentality of Radio One. *See, e.g., Delagi v. Volkswagenwerk AG of*

---

[2] Contrary to the insinuations of CBS Radio, TJMS is not "owned" by Radio One; it is a program owned and syndicated by Reach Media, Inc. ("Reach"), a Delaware corporation with a principal place of business in Texas, in which Radio One owns an interest. Vilardo 8/30 Decl., ¶ 3. CBS Radio's repeated inferences that Radio One's presence can be shown by the mere presence of TJMS is a bold tactic designed to hide -- or ignore -- an intervening link in the chain between the two.

*Wolfsburg, Germany*, 29 N.Y.2d 426, 432 (1972) (for jurisdiction to obtain over parent through subsidiary, control of subsidiary must be "so complete" as to make the subsidiary a department of the parent). Such a showing has not been alleged or made and cannot be made.[3]

Similarly, with respect to the third "contact," Radio One has an ownership interest in TV One, another Delaware corporation with a principal place of business in Maryland and which creates and licenses television programming for distribution through cable and satellite. Vilardo 8/30 Decl., ¶ 7. As with Magazine One, TV One is entitled to its own presumption of separateness and cannot be shown to be a mere department of Radio One.[4] *Id.* Moreover, even if one were to go beyond the corporate form and look to the specific contact alleged -- the existence of a sales office in New York -- jurisdiction would still not lie. *See Freeplay Music*, 2005 WL 1500896, at *3 (citing cases).

Finally, with respect to the last "contact," the simulcast of TJMS in New York through two radio stations unaffiliated with Radio One, the Court should note that TJMS is not owned by Radio One -- although CBS Radio has noticeably blurred that distinction throughout its papers. TJMS is owned by Reach, and Radio One offers TJMS in Washington, D.C. through a syndication deal with Reach. Vilardo 8/30 Decl., ¶ 3. Reach also is solely responsible for syndicating TJMS throughout the country through its affiliate networks, which includes both Radio One-owned and non-Radio One-owned stations. *Id.* The radio stations in Syracuse and Buffalo of which CBS Radio complains are not Radio One stations and Radio One had nothing

---

[3] Magazine One is financially independent of Radio One and controls its own day-to-day activities. Vilardo 8/30 Decl., ¶ 8. Thus, even if Magazine One is wholly owned by Radio One and its Board is wholly or mostly composed of Radio One board members, such would not be enough to establish that Magazine One is a mere department of Radio One. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-22 (2d Cir. 1984).

[4] Indeed, inasmuch as there is not common ownership of Radio One and TV One -- TV One is not wholly owned by Radio One – the most essential factor for consideration of whether the veil can be pierced is not present. *Volkswagenwerk*, 751 F.2d at 120.

9

to do with the syndication deals which resulted in TJMS appearing on those stations.[5] *Id.*

Additionally, to the extent that Radio One has an ownership interest in Reach, the same analysis performed for Magazine One and TV One reveal that Reach cannot be deemed a mere department of Radio One.

In what can only be a last ditch attempt to create jurisdiction out of thin air, CBS Radio also asserts that Radio One submitted itself to the jurisdiction of this Court when it voluntarily appeared at the injunction hearing. This argument is easily dispatched inasmuch as it is black letter law that a person's voluntary entry into the jurisdiction solely to appear in a legal proceeding immunizes that person from being hailed into the jurisdiction solely by virtue of that appearance. *Thermoid Co. v. Fabel*, 4 N.Y.2d 494 (1958).

In sum, regardless of what combination of alleged facts and CPLR provisions CBS Radio asserts, no personal jurisdiction over Radio One exists in this matter and the case should be dismissed as against it.

**D.     CBS Radio Is Not Entitled To Discovery.**

For jurisdictional discovery to be proper, the plaintiff "must have 'made a sufficient start, and shown [its] position not to be frivolous'" because "discovery rules 'are not a hunting license to conjure up a claim that does not exist'". *Singer v. Bell*, 585 F. Supp. 300, 304 (S.D.N.Y. 1984) (internal citation omitted). CBS Radio has not made such a start, as there is nothing in its allegations that even suggests a basis for jurisdiction. Thus, jurisdictional discovery is not warranted. *See Plunkett v. Doyle*, 2001 WL 175252 2001, at *13 (S.D.N.Y. 2001)

---

[5] CBS Radio, in an attempt to undercut the accuracy of Linda Vilardo's statement that the radio signals from Radio One's stations cannot reach New York, falsely states that TJMR "originates" from Radio One's WMMJ radio station in Washington, D.C. CBS Radio Br. at 15. TJMR is broadcast from Texas and is heard in Washington, D.C. and elsewhere throughout the country pursuant to syndication deals. Vilardo 8/30 Decl., ¶ 3. It is patently misleading to continue to assert or infer, as CBS Radio does, that TJMS is a Radio One production broadcast out of its Washington, D.C. radio station.

(allegations that "repeat the statutory language," without a "factual basis," cannot defeat a 12(b)(2) motion made prior to discovery).

## II.

## THE AMENDED PRELIMINARY INJUNCTION MUST BE MODIFIED

CBS Radio has not cited a single case which refutes the basic proposition cited in *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969): an injunction cannot issue against a party over which the Court does not have personal jurisdiction. Rather, claiming that vacating the injunction as against Radio One would merely be an elevation of form over substance (CBS Radio Br. at 10), CBS Radio cites two (2) cases for the proposition that the Court may enforce an injunction against any person deemed to be an aider or abetter of the enjoined party with knowledge of the injunction. These cases, however, do not contradict or subvert the basic principle of *Zenith Radio*: the injunction should never have issued as against Radio One because it was not a party to the action and the Court had no jurisdiction over it.

That Radio One may or may not be bound by the Injunction under other legal principles is not the issue here: those issues will most assuredly be vetted in CBS Radio's motion for contempt and Radio One's forthcoming opposition to the motion. The sole issue here is whether it was appropriate, in view of the Court's lack of jurisdiction over the Radio One, to name it as an enjoined party. It was not and CBS Radio's recitation of cases upholding the Court's enforcement powers with respect to non-parties does not change that fact.

Accordingly, the injunction should be modified to eliminate Radio One's name as an enjoined party.

11

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint as against Radio One and modify the Amended Preliminary Injunction to delete any reference to Radio One as an enjoined party therein.

Dated: New York, New York
      August 30, 2007

                **LEBENSFELD BORKER SUSSMAN & SHARON LLP**

                By: /s/ Victor Rivera Jr.
                      Victor Rivera, Jr. (VR-5693)

Of Counsel:
    Stephen Sussman