LEBENSFELD BORKER SUSSMAN & SHARON LLP
2 Penn Plaza, Suite 1980
New York, New York 10121
Tel: (212) 594-2030
Fax: (212) 594-6875

Stephen Sussman (SS-1072)
Victor Rivera Jr. (VR-5693)

*Attorneys for Plaintiff, Samuel L. Jones Jr., and
Third-Party Defendant Radio One, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAMUEL L. JONES JR.,

    Plaintiff,

    -against-

INFINITY BROADCASTING CORPORATION OF
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,

    Defendant.
-----------------------------------------------------------x
-----------------------------------------------------------x
INFINITY BROADCASTING CORPORATION
OF WASHINGTON, D.C. n/k/a CBS RADIO INC.
OF WASHINGTON, D.C.,

  Counterclaimant and Third-Party
    Plaintiff,

    -against-

SAMUEL L. JONES JR.,

  Counterclaim Defendant, and

RADIO ONE, INC.,

  Third-Party Defendant.
-----------------------------------------------------------x

Civil Action No.
07 CV 5693 (BSJ/AJP)

DECLARATION OF
MICHELE WILLIAMS
IN OPPOSITION TO
CBS RADIO'S MOTION
TO ENTER AN
ORDER OF CONTEMPT

**MICHELE WILLIAMS** hereby declares as follows:

1. For approximately nine (9) years, I have been the General Manager of Third-Party Defendant Radio One, Inc. ("Radio One") for its radio stations situated in Washington, D.C.

2. I make this declaration in opposition to the motion by Third-Party Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio") to hold plaintiff, Samuel L. Jones ("Jones"), and Radio One in contempt for alleged violations of the Court's Preliminary Injunction Order issued by the Court on July 24, 2007 and the Amended Preliminary Injunction issued by the Court on July 27, 2007 (collectively, the "Injunction"). Except where otherwise stated, I have personal knowledge of the facts set forth below.

3. As General Manager of Radio One's Washington, D.C. radio stations, I am primarily responsible for the overall operations at, *inter alia*, WMMJ-FM. WMMJ-FM is the Washington, D.C. affiliate for the syndicated Tom Joyner Morning Show ("TJMS"). As detailed in the accompanying Declaration of Linda J. Vilardo, executed on September 7, 2007 ("Vilardo Decl."), Reach Media, Inc. ("Reach"), and not Radio One, is the owner of TJMS. Vilardo Decl., ¶ 4.

4. Although Radio One airs TJMS daily pursuant to a syndication agreement with Reach, Radio One is not responsible for the content of the show. Such programming content decisions are made daily by the staff and personnel of Reach.

5. Since July 16, 2007, Jones has appeared on TJMS in a regular feature during which Jones and Tom Joyner, the host of TJMS and a well-known media personality in his own right ("Joyner"), go over the celebrity gossip of the day.

1

6. In the early evening of July 23, 2007, I and Kathy Brown, the Operations Manager for Radio One in Washington, D.C. ("Brown"), were advised that a New York-based court had issued an injunction preventing Jones from utilizing his "HUGGY LOWDOWN" character name to promote his radio appearances on WMMJ-FM. Radio One had not expected that any injunction would issue, so the notification of the issuance of an injunction required immediate action on Radio One's part.

7. After being advised of such injunction, during the evening of July 23, I personally participated in a conference call with both Radio One and Reach personnel to discuss the injunction and the restrictions on the use of the HUGGY LOWDOWN name on TJMS. On that call that evening, the injunction, which no one had yet seen in writing, was discussed and it was determined that Jones would be referred to on TJMS as the "Celebrity Snitch formerly known as HUGGY LOWDOWN" to reintroduce him to TJMS' audience. It was believed that such limited use would not violate the injunction.

8. After the meeting, Brown notified by e-mail various Radio One personnel to advise of the injunction and immediately placed certain restrictions into effect. Copies of the July 23 e-mails which were sent and which show that Radio One affirmatively directed that WMMJ's promotions, sales, marketing and Internet site be sanitized of any reference to HUGGY LOWDOWN are attached hereto as Exhibit B.

9. On July 24, 2007, we were made aware that CBS Radio was complaining about a reference to Jones during that morning's TJMS as "the artist formerly known as HUGGY LOWDOWN." Given CBS Radio's complaints, and having obtained a written copy of the Injunction, we immediately advised Reach's senior operations personnel by e-mail to discontinue any such references. By return e-mail from Reach's Director of Radio Operations, we were

assured that steps had been taken to prevent any recurrences. Copies of the July 24 e-mails are attached collectively hereto as Exhibit C.

10. On August 8, 2007, we were made aware that CBS Radio had again objected to a reference to "Huggy" during that morning's TJMS and the posting of the reference on WMMJ-FM's website.[1] As shown in the Vilardo Decl., Radio One dealt with this matter directly with a representative of CBS Radio, advising such representative that prior steps had been taken and would again be taken to prevent uses of the HUGGY LOWDOWN name during TJMS. Vilardo Decl., ¶ 7, Exh. A. As with the prior notifications, we again caused the WMMJ website to be sanitized and Radio One communicated with Reach personnel by e-mail to reiterate that TJMS could not use the HUGGY LOWDOWN name during TJMS. A copy of e-mails dated August 8 and 9, 2007 confirming these efforts are collectively attached hereto as Exhibit D.

11. After the August 8, 2007 exchanges, I believed the issues between Radio One and CBS Radio as to how Jones' presence on TJMS would be addressed had been resolved. Indeed, I did not hear about -- and was unaware of -- any problems with TJMS until on or about August 24, 2007, when I was advised that CBS Radio had, in response to motions by Radio One and Jones to dismiss the case and to vacate or modify the Injunction, filed a motion seeking to hold Radio One in contempt for the TJMS statements noted above, as well as other statements made on TJMS' shows of July 26, August 6, August 16, August 17 and August 20, 2007. Prior to the filing of CBS Radio's motion, these specific shows, to my recollection, had not been objected to by CBS Radio, nor had they been discussed with me.

12. Having learned from CBS Radio's motion that CBS Radio objected to other comments by Joyner, on or about August 28, 2007, I personally called Reach's President to again advise of CBS Radio's objections to TJMS content and reiterated that it was apparently CBS

---

[1] Radio One downloads TJMS to WMMJ-FM's website on a daily basis after the show's broadcast ends.

3

Radio's position that any reference to HUGGY LOWDOWN or even to any portion of the name during Jones' segments was a violation of the Injunction. In response, I was advised that Joyner had not used the HUGGY LOWDOWN name "or any derivations thereof" for some time and that Jones was only being referred to as the "Celebrity Snitch" on TJMS. A copy of the e-mail from Reach's President is attached hereto as Exhibit E.

13.   As shown above, Radio One has been diligent in directing WMMJ-FM's promotions, sales, marketing and Internet site to be sanitized of any reference to HUGGY LOWDOWN and in informing Reach of the Injunction, the restrictions imposed thereby, and CBS Radio's objections to TJMS content. Inasmuch as Radio One does not control the content of TJMS, Radio One has done everything it can do to ensure compliance with the Injunction (even to the extent, pending clarification from the Court, of accepting CBS Radio's very broad reading of the scope of the Injunction).

14.   Notwithstanding such efforts, it is not surprising that some content objectionable to CBS Radio has slipped through. First and foremost, the Court must realize that TJMS is a live show. Mistakes are often made during the pressure and bombastic atmosphere of a live early morning radio broadcast. Such mistakes are not intentional and Radio One should not be pilloried for merely carrying the program on its airwaves.

15.   Additionally, I must note that Jones, to my knowledge, is still professionally known as HUGGY LOWDOWN and that the Injunction does not prevent him from utilizing that name in virtually any circumstance other than on TJMS. Consequently, the expectation that a switch can be turned off to suddenly disassociate Jones from his HUGGY persona may be too much at the early stages of a commercial relationship where Jones must appear live daily.

16. For the above-stated reasons, I respectfully request that CBS Radio's contempt motion be denied in all respects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed under penalty of perjury at Lanham, Maryland, on September 7, 2007.

_____
MICHELE WILLIAMS