UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SAMUEL L. JONES JR.,                          :

    Plaintiff,                                  :   No. 07 Civ. 5693 (BSJ) (AJP)

-against-                                     :   **STIPULATION AND ORDER OF**
                                                  **SETTLEMENT AND DISMISSAL**
INFINITY BROADCASTING CORPORATION OF          :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                             :

    Defendant.
                                                  :
----------------------------------------------------------------x
INFINITY BROADCASTING CORPORATION OF          :
WASHINGTON, D.C. n/k/a CBS RADIO INC. OF
WASHINGTON, D.C.,                             :

    Counterclaimant and Third-Party Plaintiff,   :

-against-                                     :

SAMUEL L. JONES JR.,                          :

    Counterclaim Defendant, and                  :

RADIO ONE, INC.,                              :

    Third-Party Defendant.                       :
----------------------------------------------------------------x

    WHEREAS, Samuel L. Jones Jr. ("Jones") commenced an action against Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C. ("CBS Radio") in the United States District Court for the Southern District of New York, docket number 07 Civ. 5693 (BSJ) (AJP) (the "Action"), by filing a complaint seeking a declaration that he has the exclusive right immediately to use the HUGGY

1

22590957v2

LOWDOWN trademark and character on radio transmitted to the Washington, D.C. Total Survey Area, among other places; and

WHEREAS, CBS Radio filed a counterclaim against Jones and a third-party complaint against Radio One, Inc. ("Radio One"), alleging claims for breach of contract by Jones and for tortious interference with contract by Radio One as a result of the use by Jones and Radio One of the HUGGY LOWDOWN trademark and character on The Tom Joyner Morning Show ("Tom Joyner Show"); and

WHEREAS, the Parties wish to settle all of the claims, counterclaims and third-party claims (the "Claims") asserted, or which could have been asserted, in the Action on the terms and conditions set forth in this Stipulation and Order;

WHEREAS, MILES & STOCKBRIDGE P.C. have been retained by Jones to represent him personally in connection with matters relating to the settlement of this Action;

IT IS HEREBY STIPULATED AND AGREED, by and through the undersigned counsel, that:

1. Dismissal.

This action is dismissed with prejudice. Each Party shall bear his or its own attorneys' fees and costs in connection with this Stipulation and Order and events preceding its negotiation and execution.

2.  Payment.

In consideration of the promises and releases contained in this Stipulation and Order, Radio One shall pay to CBS Radio an amount acceptable to CBS Radio, to be paid by wire transfer or certified check, within ten (10) days of the date of this Stipulation and Order, as full and final satisfaction of all Claims, demands and actions that were or could have been alleged in the Action and/or addressed herein.

3.  Agreement by Radio One/Jones.

    a.  Prior to November 1, 2007, and notwithstanding any prior agreements between any of the Parties, neither Radio One nor Jones shall use the HUGGY LOWDOWN mark or any variation of that mark in any manner whatsoever, including in any medium, whether radio or otherwise, in any venue or in any geographic area. Nothing in the preceding sentence is intended to nor shall it prohibit the continued appearances by Jones as the Celebrity Snitch on the Tom Joyner Show, provided that neither the content of these appearances nor the promotion for them may refer directly or indirectly to the HUGGY LOWDOWN mark or any variation thereof. In particular, and without limitation, references to "the Celebrity Snitch formerly known as" or any similar formulation are not permitted.

    b.  In addition, CBS Radio acknowledges that it has been furnished with the text of an email-blast and a copy of a flyer (together, "Communications") heretofore distributed in connection with a personal appearance by Jones as Huggy Lowdown scheduled for December 7, 2007, and that such

3

22590957v2

Communications are in the public domain. Jones:

i. represents and warrants that no promotional materials other than the Communications have been distributed to the public in connection with the Dec. 7 event;

ii. represents and warrants that the event scheduled for Dec. 7 has been or will be cancelled, and that no similar event will be scheduled before December 22, 2007; and

iii. represents and warrants that the promoters of the Dec. 7 event have been advised or will be advised that the Communications may not be distributed again.

Based on the foregoing, CBS Radio agrees to waive any motion for contempt or other claim against Jones based on prior circulation of the Communications.

4. Agreement by CBS Radio.

Beginning on November 1, 2007, and notwithstanding any prior agreements between any of the Parties, CBS Radio shall not object to Radio One's or Jones' use of the HUGGY LOWDOWN mark or character or any variation thereof in any manner whatsoever, including in any medium, whether radio or otherwise, in any venue or in any geographic area.

5. Jurisdiction of the Court.

The Court shall retain jurisdiction to enforce this Stipulation and Order. Each of the Parties consents to personal jurisdiction in New York for purposes of any such dispute. Such consent by Radio One shall not be deemed a consent generally to personal jurisdiction in New York.

6. <u>Cure Provision</u>.

    a. If before November 1, 2007 CBS Radio becomes aware of any violation or apparent violation (collectively, "violation") by Radio One or Jones of any provision of the Stipulation and Order, then the following procedures shall apply:

        i. Prior to filing any contempt motion or proceedings in respect of a first violation, CBS Radio will provide written notice of such violation, pursuant to the notice provision contained in paragraph 15.

        ii. CBS Radio will allow Radio One/Jones forty-eight hours to cure such violation (the "Cure Period").

        iii. If Radio One/Jones do not cure the violation during the Cure Period, then CBS Radio shall be free to commence litigation against Radio One/Jones and/or to seek contempt sanctions for violation of this Stipulation and Order. The Cure Period and the other provisions contained in this paragraph do not apply to a second or subsequent violation of the Stipulation and Order by Radio One or Jones. Radio One and Jones shall count as one entity, and their actions shall be imputed to each other, for the purposes of calculating whether the violation is a first, second or subsequent violation.

    b. If before November 1, 2007 Radio One becomes aware of any violation or apparent violation (collectively, "violation") by CBS Radio of any provision of this Stipulation and Order, then the following procedures shall apply:

        i. Prior to filing any contempt motion or proceedings in respect of a first violation, Radio One will provide written notice of such violation, pursuant to the notice provision contained in paragraph 15.

        ii. Radio One will allow CBS Radio forty-eight hours to cure such violation (the "Cure Period").



       iii.    If CBS Radio does not cure the violation during the Cure Period, then Radio One shall be free to commence litigation against CBS Radio and/or to seek contempt sanctions for violation of this Stipulation and Order. The Cure Period and the other provisions contained in this paragraph do not apply to a second or subsequent violation of this Stipulation and Order by CBS Radio.

7. <u>Releases</u>.

   a.   For purposes of the release provisions of this paragraph 7, "CBS Radio" includes CBS Radio as defined above in this Stipulation and Order, as well as CBS Radio's officers, directors, servants, employees, representatives, parent companies, subsidiaries, related companies, successors, assigns, affiliates, attorneys and all others in active concert or participation with any of them.

   b.   For purposes of the release provisions of this paragraph 7, "Radio One" includes Radio One as defined above in this Stipulation and Order, as well as Radio One's officers, directors, servants, employees, representatives, parent companies, subsidiaries, related companies, successors, assigns, affiliates, attorneys and all others in active concert or participation with any of them.

   c.   CBS Radio hereby releases and discharges each of Radio One and Jones, and each of Radio One and Jones releases CBS Radio, from any and all suits, claims, causes of action, damages, and liabilities of any kind, in law or equity, known or unknown, asserted or unasserted, and regardless of whether discoverable, arising from or relating to the conduct that is the

6

       subject of any of the Claims, through the date of this Stipulation and Order,

   d.   In particular, and without limitation, each of Jones and CBS Radio releases the other from any and all claims arising directly or indirectly out of Jones' prior work for or relationship with CBS Radio, including any and all claims related to the License Agreement or the Personal Services Agreement as referenced at pp. 3-4 of Jones' amended complaint in the Action. CBS Radio and Jones further agree that, to the extent that the License Agreement or the Personal Services Agreement may remain operative, each of those agreements is hereby terminated, and neither CBS Radio nor Jones owes any compensation, services, or obligations of any kind to the other under either of those agreements. Notwithstanding anything in the foregoing to the contrary, CBS Radio, from and after November 1, 2007, shall not claim any interest in the HUGGY LOWDOWN mark and shall not contest Jones' exclusive rights of ownership in and to the HUGGY LOWDOWN mark.

8.   <u>Instructions to Employees and Agents</u>.

Each of Radio One and CBS Radio shall issue to all appropriate employees and agents written instructions reasonably sufficient to ensure compliance with this Stipulation and Order. Each of Radio One and CBS Radio shall provide the instructions

7

22590957v2

to the other in advance for review, comment and consent. Consent shall not be unreasonably withheld either as to the instructions or as to requested changes.

9. <u>Entire Agreement; Modification</u>.

   a. This Stipulation and Order constitutes the entire agreement between the Parties with respect to the subject matter hereof, and there are no inducements, representations, warranties, or understandings that do not appear within the terms and provisions of this Stipulation and Order.

   b. This Stipulation and Order may be modified only by a writing signed by all Parties and endorsed by the Court.

10. <u>Binding Effect</u>.

   This Stipulation and Order shall be binding on the Parties, their respective heirs, beneficiaries, assigns, present and future parents, subsidiaries and affiliates, successors in interest, acquirers, officers, directors, shareholders, servants, employees, attorneys, agents, any committee or other arrangement of creditors organized with respect to the affairs of any Party, and any acquirer of substantially all of the assets of a Party.

11. <u>Enforcement</u>.

   In the event that a Party commences any proceeding to enforce any provision of this Stipulation and Order, and a court finds that a violation has occurred, that Party shall, in addition to any other remedies or sanctions, be entitled to recover its reasonable attorneys' fees and costs incurred.

12. <u>Authorization; Survival</u>.

   a. Each Party represents and warrants that it has executed this Stipulation

8

22590957v2

and Order freely, fully intending to be bound by the terms and provisions contained herein.

    b.    Jones represents and warrants that he has had the opportunity to review the terms of this Stipulation and Order with counsel of his choosing.

    c.    The representations and warranties made herein shall survive the negotiations, execution and delivery of this Stipulation and Order and the consummation of the transactions contemplated hereby.

13. Choice of Law.

The provisions of this Stipulation and Order and any action arising out of this Stipulation and Order shall be governed by the laws of the State of New York, without regard to conflict of law principles.

14. Severability and Construction.

    a.    If any provision of this Stipulation and Order shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect.

    b.    This Stipulation and Order has been negotiated by the Parties and their respective counsel and shall be interpreted fairly in accordance with its terms and without any strict construction in favor of or against any Party.

15. Notice.

Any notices required under this Stipulation and Order may be provided electronically, with a hard copy to follow, and shall be effective upon the day of electronic delivery. Notice to Radio One and Jones shall be provided to Radio One, Inc.,

9

22590957v2

Attention: Michael G. Plantamura, Esq., Vice President and General Counsel, 5900 Princess Garden Parkway, 7th Floor, Lanham, Maryland 20706, email address: mplantamura@radio-one.com. Notice to CBS Radio shall be provided to Leventhal Senter & Lerman PLLC, Attention: Steven A. Lerman, Esq., 2000 K Street, NW, Washington, D.C. 20006, email address: slerman@lsl-law.com. Notice to Jones shall also be provided to Miles & Stockbridge P.C., Attention: Robert W. Keene, Jr., Esq., 11 N. Washington Street, Suite 700, Rockville, MD 20850, email address: rkeene@milesstockbridge.com.

16. Counterparts.

This Stipulation and Order may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together form but one and the same instrument.

17. Jones' Acknowledgement.

Jones acknowledges that he has retained the firm of Miles & Stockbridge P.C. to represent his personal interests in this matter, that he fully understands and, by his signature below, agrees to be bound by all of the provisions of this Stipulation and Order of Settlement and Dismissal.

[remainder of page intentionally left blank]

18. <u>Facsimiles/Email</u>.

This Stipulation and Order may be executed by facsimile or by electronic transmission (email). Faxed signatures on this Stipulation and Order and signatures transmitted by email are considered as originals.

By: _____

Stephen Sussman (SS-1072)
LEBENSFELD BORKER SUSSMAN &
SHARON LLP
Two Penn Plaza, Suite 1980
New York, New York 10121
(212) 594-2030

*Attorneys for Plaintiff and Counterclaim
Defendant Samuel L. Jones Jr. and for
Third-Party Defendant Radio One, Inc.*

Dated: New York, New York
       October ____, 2007

By: /s/ Jeremy Feigelson

Bruce P. Keller (BK-9300)
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant and Third-
Party/Counterclaim-Plaintiff Infinity
Broadcasting Corporation of Washington,
D.C. n/k/a CBS Radio Inc. of Washington,
D.C.*

Dated: New York, New York
       October 29, 2007

_____
Samuel L. Jones Jr.

Dated: Rockville, Maryland
       October ____, 2007


_____, 2007         SO ORDERED:

                                    _____
                                    BARBARA S. JONES, U.S.D.J.

11

22590957v2

18. Facsimiles/Email.

This Stipulation and Order may be executed by facsimile or by electronic transmission (email). Faxed signatures on this Stipulation and Order and signatures transmitted by email are considered as originals.

By: /s/ Stephen Sussman

Stephen Sussman (SS-1072)
LEBENSFELD BORKER SUSSMAN &
SHARON LLP
Two Penn Plaza, Suite 1980
New York, New York 10121
(212) 594-2030

*Attorneys for Plaintiff and Counterclaim
Defendant Samuel L. Jones Jr. and for
Third-Party Defendant Radio One, Inc.*

Dated: New York, New York
      October 25, 2007

By: _____

Bruce P. Keller (BK-9300)
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant and Third-
Party/Counterclaim-Plaintiff Infinity
Broadcasting Corporation of Washington,
D.C. n/k/a CBS Radio Inc. of Washington,
D.C.*

Dated: New York, New York
      October ____, 2007

_____
Samuel L. Jones Jr.

Dated: Rockville, Maryland
      October ____, 2007

_____, 2007      **SO ORDERED:**

                                            _____
                                            BARBARA S. JONES, U.S.D.J.



18.  Facsimiles/Email.

This Stipulation and Order may be executed by facsimile or by electronic transmission (email). Faxed signatures on this Stipulation and Order and signatures transmitted by email are considered as originals.

By: _____

Stephen Sussman (SS-1072)
LEBENSFELD BORKER SUSSMAN &
SHARON LLP
Two Penn Plaza, Suite 1980
New York, New York 10121
(212) 594-2030

*Attorneys for Plaintiff and Counterclaim Defendant Samuel L. Jones Jr. and for Third-Party Defendant Radio One, Inc.*

By: _____

Bruce P. Keller (BK-9300)
Jeremy Feigelson (JF-4963)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant and Third-Party/Counterclaim-Plaintiff Infinity Broadcasting Corporation of Washington, D.C. n/k/a CBS Radio Inc. of Washington, D.C.*

Dated: New York, New York
       October ____, 2007

Dated: New York, New York
       October ____, 2007

*/s/ Samuel L. Jones Jr.*
Samuel L. Jones Jr.

Dated: Rockville, Maryland
       October 26, 2007

____October 29____, 2007

SO ORDERED:

*/s/ Barbara S. Jones*
BARBARA S. JONES, U.S.D.J.

11

22590957v2